HARRIET S. ONDERDONK, and HARRIET C. ONDERDONK an infant, by W. H. Onderdonk, her guardian *ad litem, vs.* WILLIAM J. MOTT and others.

The supreme court possesses all the powers and exercises the functions both of the supreme court and the former court of chancery; but it has not acquired, by the blending of the two tribunals, any right or authority which did not belong to one or the other of their formerly separate jurisdictions.

Notwithstanding the attempt to combine law and equity, the action and administration of the court is perfectly distinct in affording legal or equitable remedies; as much so as when the remedies were to be sought in different courts.

Where there is no trust, and there is no personal estate in the distribution of which any trust can arise, devisees who claim merely legal estates in the real property of the testator are not authorized to bring a suit in equity to obtain a judicial construction of the will of the testator.

Where the question to be determined is a purely legal question, concerning the nature of the estates created by a will in the lands devised, *it seems* the proper remedy is in a court of *law*, by an action of *ejectment* to be brought by a party claiming the lands, or some portion of them, under one construction of the devise, against another party withholding the possession under another construction.

The whole power of the court to order the sale of the lands of infants is derived from the statute. There is no such original jurisdiction in a court of equity.

If such statutory jurisdiction can be exercised upon bill or complaint, as well as in the ordinary mode by petition, still there is no authority for uniting in such a suit parties who claim a legal title adverse to the infant, and compelling them to litigate that claim and have it passed upon; and there are insuperable objections to such a course.

To authorize a proceeding under the statute for the determination of claims to real estate (2 R. S. 312) the claim of the defendant must be adverse to the party in possession.

Proceedings cannot be instituted by one having a life estate in premises, under a will, against the devisees in remainder.

Nor can they be instituted by one who is not in possession.

THE complaint in this action alleged that the plaintiff, Harriet C. Onderdonk, was an infant under the age of 21 years, and that William H. Onderdonk had been duly appointed her guardian for the purposes of this action. That Robert W. Mott, late of Queens county, now deceased, on the 6th day of August, in the year 1844, duly made and executed

his last will and testament, which was set out in the complaint at length. By this will the testator, after giving several legacies and bequests to his relatives, devised as follows: "All the rest, residue and remainder of my property, with the exceptions and reservations hereafter named, I leave to my daughter, Harriet S. Onderdonk, during her life, and after her decease to her children and their heirs in equal pro- portion forever." The testator then excepted and reserved a part of the farm, and two stores, which he directed to be sold for the payment of his debts. And he ordered that in the event of the death of his said daughter Harriet, without any child or children, the said residuary estate, real and per- sonal, should be divided among Sarah L. Cogswell and others, the defendants in this action, in the manner and in the pro- portions particularly specified, charged with the payment of a large amount of legacies.

The complaint further alleged that at the time the said will was executed the said Robert W. Mott was a widower and had one child only, the above named plaintiff, Harriet S. Onderdonk, the wife of William H. Onderdonk, and who is the same person described in the will by that name. That the said Harriet S. Onderdonk had at that time one child only, the above named plaintiff, Harriet C. Onderdonk, who was born on the 9th day of July in the said year 1844, and was at the date of the execution of the said will less than one month old. That all the real property owned by the said testator at the time of the execution of his said will, consisted of the farm and stores described in the will, and also of the house and lot mentioned therein and devised to Charlotte B. and Alice F. Cogswell for life, and which was of the value of not over $1000, which said several par- cels of land was all the real estate of which the testator died seised. That the above named testator died on the 19th day of November, in the year 1846, leaving his said daughter, Harriet S. Onderdonk, and his grand-daughter, the above named plaintiff, Harriet C. Onderdonk, and a grandson,

Robert Mott Onderdonk, son of the said Harriet S. Onder-
donk, who was born on the 26th day of February, 1846, his
only descendants him surviving.   That the said Robert Mott
Onderdonk departed this life on the 23d day of March, in
the year 1857.   And that the said Harriet S. Onderdonk has
had no other children.   That the said will was duly proven
before the surrogate of the county of Queens, who had juris-
diction of the probate thereof, on the 5th day of December,
in the year 1846, and admitted to probate and recorded as a
will of personal and real estate.   That the plaintiff, Harriet
S. Onderdonk, has been since the decease of the said testator
and is now in the actual possession as tenant for life of the
lands so left and devised by him, except such as have been
sold under the directions contained in the will, and except also
the house and lot devised to Charlotte B. and Alice F. Cogs-
well as aforesaid.   That the testator at the time of the mak-
ing of his will and of his decease, was indebted in the amount
of about $25,000 on his personal obligations, and in the sum
of $6000 secured by a mortgage on his store No. 116 South
street, New York.   That since the death of the said testa-
tor, and on the 5th day of December, 1846, letters testamen-
tary were duly issued by the surrogate of the county of
Queens, to Harriet S. Onderdonk and others, the persons
named in the said will as executors, who duly qualified.   That
the plaintiffs, Harriet S. Onderdonk and William H. Onder-
donk and Oliver H. Jones are the only surviving executors.
That the real property directed to be sold by the executors
for the payment of debts has been sold by them pursuant to
the directions in the said will contained.   That the proceeds
of the real property thus sold, in addition to the personal
property of the testator owned by him at the time of the
making of his will and of his death, were not more than
sufficient to pay the debts of the testator, not secured by
mortgage.   That the mortgage for $6000 on the store No.
116 South street still remains unpaid.   That at the time of
the execution of the will the said stores in South street and

Onderdonk *v.* Mott.

corner of Peck slip, were very old and out of repair, the main walls much settled and cracked, requiring constant and large expenditures to keep them tenantable, and from their condition not available for the better sorts of commercial business. The three together rented for the sum of $2100. The testator, on account of the condition of the buildings, was endeavoring to effect a sale of the property. That the said property requires extensive improvements which can only be effected at great cost; that the buildings on the said lots are in a very dilapidated condition, so that the upper parts of them are not occupied and have not been for some time past. That the store No. 116 South street, has been advertised by the chief engineer of the fire department as unsafe. That by reason of their age, having been erected from fifty to sixty years, and the cracking and settling of the main walls and the condition of the roofs which are of tiles, they cannot be thoroughly repaired without the expenditure of a very large sum of money, and not then so as to be permanently improved. And that the only way in which the said property can be made properly available is by the erection of new stores upon it in the place of those now standing there, by which means the net income can be very largely increased. And the plaintiffs further showed that they were prevented from making these improvements upon the property and from enjoying the benefit that might be derived therefrom and were unable to raise the money necessary for such improvements by a mortgage or lease of the said property, for the reason that the above named defendants, William J. Mott, John J. Mott and Mary Esther Jones, the wife of the defendant Samuel A. Jones, who at the time of the execution of the said will, were and now are the only children of James W. Mott, the brother of the testator mentioned in the said will, claim some right, title and interest in fee in remainder in the said premises as devisees under the said will, which claim is adverse to the rights of the plaintiffs. And that they and the defendants, William Mott and Mary F. Jones, the wife

of William P. Jones, who at the time of the execution of the said will were and are now the only children of William W. Mott, the brother of the testator mentioned in the said will, claim some right, title and interest in fee in remainder in the said premises situated at Great Neck, as devisees under the said will, which claim is adverse to the rights of the said plaintiffs. That the said William W. Mott and James W. Mott, the brothers of the testator, are both deceased, and that since the execution of the will they have had no children except those above named, and who are all made defendants in this action. And the plaintiffs claimed the lands described, under the will of the said Robert W. Mott, as follows: the said Harriet S. Onderdonk as tenant for life, and the said Harriet C. Onderdonk as the absolute owner of the fee, one-half thereof as devisee under the will of the said Robert W. Mott, and the other half thereof as heir of her brother, Robert M. Onderdonk, one of the devisees under the said will, and that the estate of the said Harriet C. Onderdonk is subject to open and let in any child or children (if any) who may hereafter be born of her mother, the said Harriet S. Onderdonk. Wherefore the plaintiffs prayed the court to construe the said will of Robert W. Mott, and to determine the claims of the parties to this action to the real estate and to declare and determine the rights and interests of the said parties in the real estate under the said will. And they demanded judgment that the defendants and all persons claiming under them or either of them subsequently to the commencement of this action, be forever barred from all claim to any estate of inheritance or freehold of every kind whatever in the said premises hereinbefore described, and that authority be given to sell the said premises, or to mortgage or lease the same, for the purpose of improving the said property or for such other or further relief in the premises as should be found meet.

The defendants put in an answer denying and controverting the principal allegations in the complaint, and praying that the complaint be dismissed.

The cause was tried before Justice Lott, at a special term, without a jury. The following opinion was delivered by him, on deciding the case :

Lott, J. " The primary object of the complaint in this action is to obtain a judicial construction of the will of Robert W. Mott in reference to certain devises of his real estate.

The question raised is purely legal. No trusts or any matters of an equitable nature are involved. It is conceded that Mrs. Onderdonk has a life estate in the property, and the question sought to be determined is whether the defendants, in the event of her death without leaving any children her surviving, will have any right or interest in that real estate.

A judicial decision of that question cannot in my opinion be had, till the event arises. It was said by Chancellor Walworth, in *Bowers* v. *Smith*, (10 *Paige*, 193,) that he was 'not aware of any case in which an heir at law of a testator or devisee who claims a mere legal estate in real property, when there was no trust, has been allowed to come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will.'

I have been referred to no case where it has been done, and I know of no principle on which such an adjudication should be made. In this case there is a reason why it should not be, even if it were competent to do so. The plaintiffs concede that the estate now claimed to be vested in Harriet C. Onderdonk (one of those plaintiffs) ' is subject to open and let in any child or children (if any) who may hereafter be born of her mother,' (the other of said plaintiffs.)

The decision therefore would not be conclusive on the rights of the parties, if any such child should hereafter be born, and it would be unjust to the defendants to expose them to a second trial of the same question.

The complaint also asks for authority to sell, mortgage or lease the property ; but as that relief was asked on the assumption that the rights of the parties would be determined

by the court, it would not be proper now to pass either on the power of the court to grant it, or the propriety of exercising the power, if it existed.

Under these circumstances, the complaint must be dismissed with costs, but without prejudice to the rights of any parties in any future litigation."

From the judgment entered at the special term, the plaintiffs appealed to the general term.

*Wm. H. Onderdonk,* for the appellants.

*C. A. Hand,* for the respondents.

*By the Court,* EMOTT, J.  We cannot avoid encountering at the threshold of this case, the difficulty which in the opinion of the judge who tried the cause, was fatal to the plaintiff's action.  Before we can consider or determine what estate the infant plaintiff took under the will of Robert W. Mott, in the lands described in the complaint, we are to see whether we are not to say required, but authorized to pronounce a judgment deciding or affecting that question.  The defendants object to the jurisdiction of the court to entertain such an action as the present, or rather object that it would not be a proper exercise of its jurisdiction to declare the construction of this will, and even if they did not formally make such an objection, it must nevertheless be insuperable, if it exists.  This court possesses all the power and exercises the functions both of the supreme court and the former court of chancery, but it has not acquired by the blending of the two tribunals any right or authority which did not belong to one or the other of their formerly separate jurisdictions.  And notwithstanding all that has been said and attempted in respect to combining law and equity, the action and administration of the court is perfectly distinct in affording legal or equitable remedies, as much so as when they had to be sought in different courts.

Onderdonk *v.* Mott.

The question which we are asked to decide upon the will of Mr. Mott is a purely legal question; that is, it concerns the nature of the estates created by the will in the lands devised. There is no trust, and there is no personal estate in the distribution of which any trust could arise. It is or will be a question of title to the real estate, which unless otherwise previously disposed of, must ultimately come before a court of law, in an ejectment suit, to be brought by a party claiming these lands, or some portion of them, under one construction of these devises, against another withholding their possession under another construction. So far as this suit merely contemplates or calls for a judicial construction of this will, it falls beyond the limits of equity jurisdiction. We are forbidden to entertain such a suit, by a rule which is well settled and so far as I know inflexible. The rule is stated by Chancellor Walworth, in *Bowers* v. *Smith*, (10 *Paige*, 193,) and his statement meets our full approval. The counsel for the plaintiffs, who argued this appeal with a degree of learning and ability proportioned to his naturally profound interest in the question, has called our attention to the case of *Ash* v. *Coleman*, decided in this district, upon a case submitted under the code, reported in 24 *Barb.* 645. That case, however, does not militate against our views, for it will be found upon examination that it was an ejectment, in which the judgment was for the recovery of the land. We rendered the same judgment upon the submission of the case by the parties, as we should if one had brought an action against the other; and it must have been a judgment for the plaintiff, although its form does not appear by the report.

It is contended, however, that we must take jurisdiction of the action, as brought for a sale of the estate of the infant plaintiff, and as auxiliary to this relief, must declare what that estate is. The whole power of the court to order the sale of the lands of infants is derived from the statute. (2 *R. S.* 194, 195.) There is no such original jurisdiction in a court

of equity. (*Rogers* v. *Dill*, 6 *Hill*, 415. *Baker* v. *Loril-lard*, 4 *Comst.* 266.) If this statutory jurisdiction can be exercised upon bill or complaint, as well as in the ordinary mode by petition, still there is no authority for uniting in such a suit parties who claim a legal title adverse to the infants, compelling them to litigate that claim, and pronouncing upon it, and there are insuperable objections to such a course. These parties have no interest in the question whether the infants' interest ought to be mortgaged, leased or sold; nor have the two questions any proper relation to one another. The existence of adverse claims might be a reason why the court would not think it for the interest of the infant to sell, or it might possibly lead to an opposite conclusion, and the court might in behalf of the infant, examine his title with a view to the protection of his interests as its ward. But that is a different matter from calling in his adversaries, compelling a discussion of their rights and pronouncing a judgment upon them. I do not perceive that we should be any more authorized to decide such a legal question, because our authority to authorize a disposition of the interest of one of the parties to it is invoked, than we should be without that element in the case. If a sale of an infant's estate is ordered, its completion by the purchaser does not depend upon the character, the quantity or quality of the infant's estate, where that turns upon a contingency, or upon the construction of a devise, and is not a present interest. If a sale was ordered of a supposed present interest of an infant, which turned out wholly to fail in consequence of another paramount title, so that the lands belonged to another, it might be that a purchaser would not be required to pay for what the infant could not sell. But in such a case as this, the conveyance would pass her estate under the will, whatever it was, and if the court should order such a sale, I confess I do not see how a purchaser could be relieved from his purchase, if he became satisfied that she had merely a contingent remainder and not an absolute or a

present fee. It is evident, it may be added, that the real object of this suit is to get a construction of this will, and that the sale or mortgage of the infant's interest is a subordinate and far less material matter.

There is another ground upon which we were urged to entertain the question in its purely legal aspect, as a proceeding under the statute for the determination of claims to real estate. (2 *R. S.* 312.) Such a case as this cannot, however, be brought within any fair construction of that statute. It is true that proceedings may be taken to compel the determination of a claim in reversion or remainder, as well as to the possession of lands. But in every case the claim must be adverse to the party in possession. A. B. in possession of lands for a particular time cannot compel the determination of a claim by C. D. against E. F., who is supposed to be the party rightfully entitled after A. B.'s estate determines; nor can C. D., so long as A. B.'s estate lasts. But that is precisely what is attempted here. Mrs. Onderdonk is conceded on all hands to have a life estate in the premises. The claim of the defendants is not against her, nor so long as her estate lasts, but to the fee at her death, in a certain contingency, and against the heirs of her child or children. She cannot compel the determination of that claim, because it is not against her, and will not in any event interfere with her present estate. Her daughter, the plaintiff, who is a minor, cannot institute a proceeding during her mother's life to compel the determination of such a claim, because she is not in possession. The statute gives the remedy only to persons in possession, and such is the plain reason of the thing. It is a substitute for an ejectment, although extended to a future as well as an immediate right to possession, if it be a right against the person holding the land.

I have not been able to surmount the difficulty which defeated the plaintiffs at the trial, nor to see how this court could consistently with the uniform course of authority and

the well settled rules of law and limits of jurisdiction entertain the present action.

It is therefore my opinion that this judgment must be affirmed.

[DUTCHESS GENERAL TERM, May 13, 1861. *Emott, Brown* and *Scrugham,* Justices.]