WILLIAM H. BAILEY, Appellant, v. JULIA C. SOUTHWICK and others, Respondents.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

Certain real estate was devised to J. C. S., a daughter of testator, "subject to the following condition and contingency: That said gift is made and given to her and her direct lineal descendants, should she have any, in fee simple absolutely; but in the event that she shall die, leaving no children, or descendants of any children, then * * * to the children of the survivor or survivors of my children (naming them) equally, share and share alike, &c." J. C. S. deeded the premises to plaintiff in fee, who, having been in possession more than three years, brought this action to obtain a construction of the will as to the title said J. C. S. obtained under such devise, making J. C. S. and her children (some' of whom were infants) parties defendants, and alleging that her estate was a fee

simple absolute.   J. C. S. did not answer the complaint.   The adult
children answered, setting up that they, under said will, with their bro-
thers and sisters, were seized of an estate in fee simple subject to the life
estate of their mother (J. C. S.), and asking that the court so decree.   The
infants by their guardian put in the usual general answer, submitting
their rights to the court, and also making the same claim as the adults in
relation to their rights under the will.   *Held*, that the complaint was
properly dismissed.   Such action cannot be maintained in equity, either
as a bill *quia timet* or in the nature of *quia timet*, nor as a bill of peace,
nor at law under the statute, the complaint containing no allegation that
the defendants unjustly withheld possession of the premises from plain-
tiff, but containing allegations contradictory thereto as to the defendant
J. C. S., and showing the fact of the infancy of others of the defendants.

APPEAL by plaintiff from a judgment dismissing plaintiff's
complaint at the Albany Circuit and Special Term, Decem-
ber, 1870.

The plaintiff brought an action, alleging in his complaint
that one Jesse Buel died October 1, 1839, seized and pos-
sessed of a large quantity of real estate, having made a last
will and testament, which, on the 21st day of October, 1839,
was admitted to probate by the surrogate of Albany county.
That among other children the said Jesse left him surviving
a daughter Julia, who afterward married one Henry C. South-
wick, now deceased, and that the defendants other than said
Julia are her children.

By the will the testator devised certain real estate to his
daughter Julia.   The devise and its conditions are set forth in
the opinion.

The complaint further alleged that said Julia C., who had,
more than a year prior to May 1, 1863, been in possession of
the premises devised to her, on that day, with her husband,
conveyed them to plaintiff, with covenants of warranty and
quiet possession, in fee, for a good and valuable considera-
tion; that such conveyance was duly and properly acknow-
ledged, and on the 11th of May, 1863, recorded in the Albany
county clerk's office; "that the plaintiff is now, and has been
for the three years preceding the commencement of this action,
in the actual possession of said premises."

The complaint alleged that the said Julia and the defend

ant Susan B. Briggs are adults, and the other defendants are minors, but, in fact, as appeared by his answer, the defendant Frank B. Southwick was also an adult.

The complaint further alleged that the defendants claimed that, under the will of Jesse Buel, the fee simple was not vested in his daughter, Julia, the plaintiff's grantor, and the mother of the other defendants, but that thereby she was given only a life estate, and that her children, the other defendants, as her heirs-at-law, were vested with the fee, subject to her life estate. That the plaintiff claimed that under and by said will the premises were devised to said Julia in fee absolute. That the plaintiff and defendants, other than Julia, made contradictory claims as to the effect of the devise to Julia, plaintiff claiming that, by his deed, he took a fee, and the defendants, other than Julia, that he only took an estate during Julia's life, and that they have the fee. That plaintiff was disturbed in his title by the claim of said defendants, and that thereby his title was under a cloud, and subject to be disturbed by said defendants on the death of their mother. That plaintiff desired to improve the premises by erecting permament buildings thereon, and being in doubt as to what title he took under the deed to him by Julia, desired a legal and judicial determination and construction of the intent of the testator in the devise to Julia.

The plaintiff demanded judgment for " a construction of the clause, and conditions and contingencies thereto, in said will set forth, as to the title said Julia C. Southwick obtained to the premises above set forth, to the end that the conveyance from her to plaintiff may be established, in law and equity, as a conveyance or grant of the premises aforesaid to plaintiff by said Julia C. Southwick, in fee absolute, by a construction of said will of said Jesse Buel, deceased, as a devise to said Julia C. Southwick, in fee simple absolute, that plaintiff's title to said premises in fee absolute may be quieted and established, or for such other or further judgment or decree in the premises as to the court may seem meet and proper."

The adult children, Frank B. Southwick and Susan B. Briggs, answered :

1st. Denying that, under the will of Jesse Buel, their mother took a fee.

2d. Affirmatively claiming " that under the will of their said grandfather, Jesse Buel, deceased, they are entitled, in common with their brothers and sisters, to the fee simple absolute of the premises described in the complaint, subject to the life-estate of their mother, Julia C. Southwick.."

3d. They pray that the court may so decree.

4th. Ask for general relief.

The infant defendants, Mary, Howard and Annie Southwick, answer by their guardian :

1st. The usual answer of infants, submitting their rights to the protection of the court.

2d. The same defence as their adult brother and sister.

The cause came on for trial at the Albany Circuit and Special Term, in December, 1870, neither party requiring a jury.

The plaintiff's counsel opened by reading the pleadings. The defendant's counsel (other than for Julia C. Southwick, who did not appear in the case) thereupon moved to dismiss the complaint, upon the grounds,

1. That the court has no jurisdiction of the subject of the action.

2. That the complaint does not state facts sufficient to constitute a cause of action.

Plaintiff's counsel claimed that, inasmuch as the defendants other than Julia C. had answered, setting up a claim of title, which plaintiff claimed was unfounded, an allegation in the complaint that the defendants unjustly claimed title to such premises was unnecessary to entitle plaintiff to maintain the action, even under the statutes. The court thought otherwise.

The plaintiff's counsel thereupon asked the court that plaintiff be allowed to amend the complaint by inserting an allegation therein as follows: " That the defendants unjustly claim title to such premises;" and also to amend the prayer

for relief by inserting "that defendants, and all persons claiming under them, be forever barred from any claim of reversion, or freehold, or remainder of the premises described in the complaint."

The court refused to allow such amendment, and plaintiff excepted.

The plaintiff thereupon moved to make the same amendments as against the adult defendants. The court denied the motion, and refused to allow such amendment, and plaintiff excepted.

Plaintiff claimed to maintain the action,

1. Under the statutes.

2. As a bill to quiet title, in the nature of a bill *quia timet.*

3. As a bill to establish the will of Jesse Buel, so far as it relates to this real estate.

4. Upon the facts set out in the complaint, and that plaintiff should have such relief as he may be entitled to upon such facts.

Plaintiff offered to prove the facts alleged and set out in the complaint.

The court ruled and decided that the action could not be maintained; to which plaintiff excepted.

Counsel for said defendants pressed the motion to dismiss the complaint, upon the grounds before stated, and the court granted the motion, to which plaintiff excepted; and he separately excepted to the dismissal of the complaint, as against the adult defendants.

The other material facts will sufficiently appear in the opinion.

*N. C. Moak,* for the plaintiff.

*Burton N. Harrison,* for the defendants.

Present—MILLER, P. J.; P. POTTER and PARKER, JJ.

P. POTTER, J.  The complaint in this action, in substance, is to obtain legal and judicial determination and construction

of the last will of the late Jesse Buel, of Albany, as it affects certain real estate in said city. The testator devised to his two sons, Charles and William P., and to his daughter, Julia C., who is the defendant (Julia C. Southwick), each, certain real estate; and to the latter, Julia C., the premises in question, as follows:

"To my daughter, Julia C. Buell, I give, devise and bequeath, subject to the condition and contingency hereafter mentioned, four lots on Washington street, in the city of Albany, being lots Nos. 1, 3, 5 and 7, together with all the buildings, tenements and hereditaments belonging and appertaining to each and every of them.

"All the said several gifts and devises before mentioned to my said children, Charles, Julia C. and William P., are made upon express condition, and subject to the condition next following, that is to say, that the gift or devise to each is made and given to each, and his, her or their direct lineal descendants, should he, she or they have any, in fee simple absolutely; but in the event that either the said Charles, Julia C. and William P. shall die leaving no children, or descendants of any children, then and in such case I hereby give, devise and bequeath the said several gifts, devises and bequests, which belonged to him, her or them, to the children of the survivors or survivor of them the said Charles, Julia C. and William P. equally, share and share alike; the direct lineal descendants, if any, of such of my said three children, Charles, Julia C. and William P., as may then be deceased, to be entitled to the same share which the child or children so deceased would have been entitled to if living."

The complaint alleges that in May, 1863, Julia C., the defendant, who had then been in possession more than one year, conveyed the premises to the plaintiff, with covenants of warranty and quiet possession, in fee, and for a good and valuable consideration; and that the plaintiff is, and for three years before the commencement of the action had been, in the actual possession of the premises.

All the defendants, other than the said Julia C., are her

children.  Susan B. Briggs is married; she and Frank B. Southwick are of full age, and united in an answer merely denying that their mother, Julia C., held in fee simple absolute, but claiming that they, in common with their other brothers and sisters, held the said premises in fee absolute, subject to the life estate of their mother; and the infant defendants answered by their guardian, submitting their interests to the court, but claiming such interests as the adults claim.  The defendant, Julia C. Southwick, put in no answer.

1st.  The plaintiff's action being dismissed, it lies with him to show a legal right to maintain it; and this involves the necessity of showing whether it is an action in equity or at law.  It cannot be both; for though the Supreme Court possesses all the powers, and exercises the functions both of the former Supreme Court and the former Court of Chancery, and may entertain an equitable defence to a legal action, it has not acquired the right, by blending the two tribunals, so as to administer a legal remedy in an action of purely equitable cognizance, nor equitable relief in an action of strictly legal cognizance.  The administration of each tribunal is now, as it was before, as perfectly distinct as it was when remedies were to be sought in different courts.  If the plaintiff's form of action is in equity, he must maintain it upon equitable grounds, or fail, even though he may prove a good action at law.  (*Mann* v. *Fairchild,* 2 Keyes R., 111, 112.)  And if he proceed in equity he must also show that a perfect remedy cannot be obtained at law.  (*Heywood* v. *The City of Buffalo,* 14 N. Y., 540, per JOHNSON, J.; *Onderdonk* v. *Mott,* 34 Barb., 113, per EMOTT, J.)

I have failed to discover any grounds of an equitable nature in the allegations of the complaint.  The plaintiff is the assignee or grantee of a devisee in the will; and the complaint, so far as it calls for judicial construction of the will, comes short of showing it to be a case within the limits of equity jurisdiction.  He does not sue as a *cestui que trust* executor, administrator or trustee.  The estate in question is a mere legal estate, easily determinable at law as to quantity

Bailey *v.* Southwick.

and character.  No possible question can arise in this case
between the parties as to the validity of the bequests of the
will of the testator.  The rule laid down by the chancellor in
*Bowers* v. *Smith* (10 Paige, 193) has never been overruled
or shaken as authority, to my knowledge, but has been sus-
tained by the case of *Onderdonk* v. *Mott* (*supra*, p. 111).
The chancellor says: "I am not aware of any case in
which the heir-at-law of a testator, or a devisee, who claims
a mere legal estate in the real property where there was no
trust, has been allowed to come into a court of equity for the
mere purpose of obtaining judicial construction of the pro-
visions of the will.  On the contrary, the decision of such
legal question, belongs exclusively to the courts of law, except
where they arise incidentally (in this court) in the exercise
of its legitimate powers; or, where the court has obtained
jurisdiction of the case for some other purpose."  The devisee
in the will has put in no answer.  She has no estate to be
affected in the case.  What she had she has conveyed to the
plaintiff.  Three of the defendants are infants and incapable
of admitting jurisdiction or of making unjust claim of title,
and they can ask no partition or other relief on their
behalf, nor could partition be granted them upon the com-
plaint and answers when put in.  Their estate, whatever it
is, is entirely contingent, if they have any.  The plaintiff's
grantor, had she remained in quiet and peaceable possession
of her estate, could not have brought this action.  Her
grantee has no better rights while he remains undisturbed.
The complaint does, indeed, ask, as a part of the relief to
be granted, to have the will established, but that was done
by the decree of probate, long before; no appeal has been
shown to have been taken or is pending from that decree;
a judgment in this court can neither reverse that decree or
better establish the will.

It is further claimed by the plaintiff that the complaint can
be sustained as a *bill of peace* or of *quia timet*.  A bill of
peace is most generally brought after suit instituted, and gene-
rally to try a right that has been tried at law and seeks an

injunction, though there are a few cases where they may be brought before the party is actually prosecuted. The plaintiff in this case has not been prosecuted. The cases where bills of peace can be maintained are principally limited to cases of injunctions to stay proceedings at law, to restrain vexatious suits, to restrain the alienation of property, to restrain waste, to restrain trespasses, and to prevent irreparable mischiefs. The object generally is to establish and perpetuate a right which the party claims, and which, from its nature, may be controverted by different persons at different times, and by different actions, or it may lie where separate attempts have been unsuccessfully made to overthrow the same right, and where justice requires that the party should be quieted in the right. Its obvious design is to procure repose from perpetual litigation, and it is therefore justly called a bill of peace. (Story's Eq. Jur., §§ 852–873, 958.) The complaint in this action, I think, presents no case that is brought within the general objects of a bill of peace.

Bills of *quia timet* are also known in the practice of equity as writs of prevention, and are used to accomplish the ends of precautionary justice. The name of this bill is taken from the expression of the party's fears in the application. He fears some future probable injury to his rights or interests, and not because an injury has already occurred which requires relief. Its object is to secure the preservation of property to its appropriate uses where there is future or contingent danger of its being diminished or converted to other uses, or lost by gross neglect, without the interposition of the court. It generally relates to personal property, and is applicable as against executors and administrators, trustees and corporations, where there is danger of devastation, waste or collusion, by which estates may be diminished, and where the appointment of a receiver is necessary. The case before us presents none of the elements which show the necessity of the bill of *quia timet*. The plaintiff's rights are strictly legal rights and well defined in law. Though subject, perhaps, to future contingencies, equity cannot change them. He has, therefore, no

reasonable fear of any future probable injury to his rights and interests.  His evidence of title is matter of record, and he is in no danger of losing it by any act of any adverse party.  He can suffer nothing by delay in the prosecution of his claims, and he is now in the enjoyment of the quiet and peaceable possession of the estate.  The defendants' possible or probable remainder-men of the estate, as the plaintiff seems to suppose, have an equal right with the plaintiff to have their estates, if they have any, even though contingent, protected; and to demand the preventive interposition of the court against a premature disposition, or a change of its legal permanent character; and equity has no right to interfere with it.  The law of mutuality or reciprocal obligation is acknowledged in equity.  It is even unjust and against the principles of natural equity that a man, and especially that infants, should be compelled, against their will, to have a change made in the character of their estate, or to have its security disturbed, while they are remaining in quiet expectation.  This is not a case where the plaintiff unexpectedly and without his fault is placed in a condition that he could not know what in judgment of law it is his duty to do, and has, therefore, a right to call the aid of the court to his relief.  Were it so, that might be good cause to call the interposition of a court of equity.  The plaintiff purchased a legal estate, and, in contemplation of law, it is to be presumed he knew then, as well as now, its character, extent and contingencies.  His desire to improve this estate, however commendable, and how much soever it would tend to the public interest and convenience, cannot be considered by the court of equity.

The plaintiff also claims that a bill *in the nature of quia timet* can be sustained.  This is not a distinct, or an admitted, or very definite head of equity jurisdiction, nor is it easily distinguished by established rules from the others which we have examined.  It is rather an invention of the court of equity, adopted for extreme cases, in the desire to commend their system, so that there shall always be a remedy for the enforcement of rights and redress of wrongs; and to vary its

adjustments and proportions, so as to meet the form and pressure of each particular case, that a bill in the nature of *quia timet* was invented and sustained. It is a remedy of so infrequent occurrence and mention in the books of practice that it is hardly safe to extend it or proper to give its application to a particular case upon any well settled authority. I am satisfied that such a bill does not apply to the case before us.

If, then, this action can be maintained, it must be an action at law, and can only be maintained there by bringing it within the provisions of the act entitled "proceedings to compel the determination of claims to real property in certain cases." (2 R. S., 312, 313; Edm. ed., 321, 322, &c.) This is entirely a statutory proceeding, and is not governed by the principles of the common law. It is a proceeding not known to the common law. To give the court jurisdiction of the case, the proceeding must be brought within the statute direction, and come within the case for which the statute provides; and although the statute has been so amended as to permit the action to be prosecuted under the provisions of the Code, the special statute character of the action has not been changed.

The decision of this case below was upon the pleadings without proof, and we may therefore regard the questions here that may be raised, upon review, to be substantially as if it was a demurrer, which is a test of the character and sufficiency of the pleadings. On the trial at the circuit it differs from a demurrer only in that perhaps the judge possessed the power of exercising a discretion as to amendments. (*Hammond* v. *Tillotson*, 18 Barb., 332; *Onderdonk* v. *Nott*, 34 Barb., 106.) If that be so, this court would not review that discretion. We must, therefore, look at the case to see if the complaint stated sufficient facts to give the court jurisdiction of the subject of the action, and whether the complaint did state facts sufficient to constitute a cause of action.

Without enumerating all the provisions of this statute that are indispensable in order to give the court jurisdiction of the subject, and which of course must be stated in the complaint,

it will be sufficient to sustain the ruling below if matter material to be stated is found omitted, and equally so if matters stated show that the case does not come within the provisions of the statute, for the statute applies only to "certain cases."

Assuming that the complaint in this case is made a substitute for or an equivalent of the notice required by the second section of this statute, the fourth subdivision of the second section requires that this notice shall state that the person to whom it is directed *unjustly claims title to such premises.* The defendants can make no such claim during the life of Julia C. Southwick. No such allegation is found in the complaint. Had it been .found there, other allegations in the complaint would, of themselves, have been the direct negative of a distinct fact therein alleged as to Julia C. Southwick, one of the defendants, to wit: That she had previously conveyed in fee, with covenants of warranty and quiet possession, to the plaintiff, all her interest in the premises. As to her, the plaintiff in his complaint subsequently by implication admits that she cannot disturb him.

By the third section of this act infants are excluded from being made parties to the proceeding. By the complaint the plaintiff alleges that four of the defendants are infants under the age of twenty-one years. No amendment could have cured this defect. Besides, infants could not have been charged with unjustly claiming title. The dismissing of the complaint as to the infants and as to Julia C. Southwick are clearly and sufficiently sustained upon this ground. An adjudication upon the legal rights of one or more of the tenants in common or joint tenants of the contingent estate, if the complaint had been otherwise sufficient as to them or had been amendable as against them, would not have been wise, discreet or just, would not have aided the plaintiff in his designs of improvement, and would have opened a door for renewed litigation as the infants respectively arrived at age. Upon either view I think the ruling was right. If I am right

in these views, it is unnecessary to examine various other technical grounds of objection made to the complaint. I think the judgment is right and should be affirmed with costs.

Judgment affirmed.