HAMMOND *vs.* TILLOTSON.

Proceedings to compel the determination of claims to real property, which were formerly required to be conducted according to the provisions of the revised statutes, (2 *R. S.* 313,) must now be commenced and carried on under the 449th section of the code.

Although the proceedings under that section of the code may be anomalous, yet the legislature had authority to prescribe them ; and there being no serious obstacle to carrying them out in practice, it is the duty of the court to give them effect, when it can be done.

A complaint, in the usual form of a complaint under the code, stating substantially what is required by the revised statutes (2 *R S.* 313, § 2) as amended by the act of Feb., 1848, (*Laws of* 1848, *p.* 67,) to be stated in the *notice* to be served in proceedings to compel the determination of claims to real property, and demanding substantially the like relief as is to be specified in such a notice by the revised statutes, and subscribed by the plaintiff's attorney, is a proper method of bringing the plaintiff's cause of action before the court, under the 449th section of the code.

The provisions of the code, in respect to subscribing the summons and complaint, are a substitute for the subscription of the notice by the plaintiff himself, under the provisions of the revised statutes formerly applicable. (2 *R. S.* 313.)

It is erroneous for the summons, in an action under the 449th section of the code, to require the defendant to answer in forty days, instead of twenty.

But no appeal will lie from an order made at a special term, denying a motion to set aside a summons and complaint, for that irregularity, with costs ; that being a mere matter of discretion.

Hammond *v.* Tillotson.

THIS was an appeal by the defendant, from an order made at a special term, denying a motion to set aside the summons and complaint, for irregularity.

*J. P. Faurrot*, for the appellant.

*E. G. Lapham*, for the respondent.

*By the Court*, T. R. STRONG, J. This is an appeal from an order made at a special term of the court in Ontario county, in February, 1854, held by Justice Johnson, denying a motion to set aside a summons and complaint for irregularity, and allowing the plaintiff seven dollars costs of opposing the motion. The summons is in the ordinary form of a summons under the code, containing a notice that the plaintiff will apply to the court for relief if the defendant shall fail to answer, except that the time specified for answering is forty instead of twenty days. The complaint is in the usual form of a complaint under the code, and states substantially what is required by the revised statutes (*Vol.* 2, *p.* 313, § 2,) as amended by the act of February 18, 1848, (*Laws of* 1848, *p.* 67,) to be stated in the notice to be served in proceedings to compel the determination of claims to real property, and demands substantially the like relief as is to be specified in such a notice by the revised statutes, as amended by the act aforesaid. It is subscribed by the attorney of the plaintiff, and not by the plaintiff himself. The irregularities specified in the notice of motion are, that the summons requires the defendant to answer in forty days instead of twenty ; that no notice is served, subscribed by the party ; and that the provisions referred to, of the revised statutes, have not been complied with.

By § 449 of the code, it is provided that " proceedings to compel the determination of claims to real property, pursuant to the provisions of the revised statutes, may be prosecuted by action under this act, without regard to the forms of the proceedings as they are prescribed by those statutes." It is insisted by the counsel for the defendant, that there are difficulties in the way of carrying this section into effect, which cannot be surmounted, and

must render the provision inoperative ; and such was the opinion of Justice Gridley in *Crane* v. *Sawyer*, (5 *How. Pr. R.* 372.) The action in that case was commenced under the authority of § 449 ; the time for an answer as stated in the summons was forty days ; but the summons in another respect varied from the form prescribed by the code, and an important fact required to be stated in a notice under the revised statutes, the place of residence of the person giving the notice, was wholly omitted in the papers. The motion was to set aside the summons and complaint, and it was granted. The variations in the summons from the code, and the omission above named, were adverted to in the opinion delivered; but the question whether the section under consideration could be administered, was discussed, and the decision was placed mainly on the ground, that the section " is inoperative for the reason that it provides no mode by which its object can be accomplished consistently with the statutory provisions of the code as to the commencement of suits." I am unable to concur in the views taken as to there being obstacles which must defeat this provision ; on the contrary, I think there is no real difficulty in giving it full operation.

The section declares that the proceedings therein mentioned, " may be prosecuted by action under this act." Actions under the code " shall be commenced by the service of a summons." (*Code,* § 127.) The requisites of a summons are prescribed in sections 128, 129. It is in substance a notice to answer the complaint in the action within twenty days, and briefly states what will be done in case of an omission to answer. There certainly can be no difficulty in issuing a summons in these proceedings. Nothing whatever is necessary to be done to adapt it to the case. " The first pleading on the part of the plaintiff is the complaint," (*Code,* § 142,) which is to accompany or follow the summons. (§ 130.) By § 142 it is prescribed what the complaint shall contain. The requisites of these sections may easily be complied with, and the complaint contain every thing necessary by the revised statutes, to be stated in a notice, in these proceedings. The provisions of the code, in respect to subscribing the summons and complaint, are a substitute for the subscription of

the notice under those statutes.  By the revised statutes, upon any day in term after the service of the notice, on filing a copy, with an affidavit of service, a rule to appear and plead in forty days is to be entered, and upon failure of the person proceeded against to appear and plead, his default is to be entered.  The summons, where an action is commenced under the code, is a substitute for the rule to plead, and the ordinary proceedings in such an action are a substitute for the appearance and default provided for by the revised statutes.  Hence, in the action, these matters of practice must be deemed superseded by the provisions which take the place of them.  Every thing in those statutes merely formal is to be disregarded ; for the action under the code is to be " without regard to the forms of the proceedings as they are prescribed by those statutes."  The matters which, by the revised statutes, may be pleaded in bar to the proceedings, or the disclaimer therein authorized, may be presented by answer ; and the practice directed upon judgment thereon, pursued without any difficulty whatever.   And if the defendant claims title, what difficulty is there in his presenting a claim in substance like the declaration provided for in such case by the revised statutes, and thereupon becoming, as it is provided in the revised statutes, the person proceeded against shall become, on his declaring, " plaintiff in such action ?"   I do not perceive any ; nor in conforming the subsequent proceedings to the revised statutes.   There are not two actions ; all the proceedings are in one action—an ordinary action under the code—governed by particular statutes as to the proceedings therein.   The proceedings may be anomalous, but the legislature had authority to prescribe them ; there is, in my opinion, no serious obstacle to carrying them out in practice ; and if it can be done, it is the duty of the court to give them effect.

According to the foregoing views, the summons in this case is irregular in naming forty days to answer, but no prejudice could result to the defendant from the irregularity.   The order made at special term is not appealable in respect to that irregularity, or in respect to the costs of opposing the motion, which were matter of discretion.   (*Code,* § 349.)

The order appealed from must be affirmed; but as the appeal presents questions of practice which were somewhat unsettled, I think no costs should be allowed to either party on the appeal.

[MONROE GENERAL TERM, September 4, 1854. *Johnson, Welles* and *T. R. Strong,* Justices.]