JOSEPH CHARLES FISHER, Appellant, *v.* LOUISA H. HEPBURN, impleaded, etc., Respondent.

A judgment in an action, where the court rendering it has jurisdiction of the parties and the subject-matter, is final, until, in some of the modes of review known to the law, it has been reversed; the decision of the court ordering the judgment cannot be reviewed upon motion to set it aside.

A party who has appeared and litigated the action cannot move to set aside the judgment, upon the ground that such an action cannot be maintained. If he made no objection to the sufficiency of the complaint, and litigated the cause upon the merits, he would be bound by the judgment. If he raised the objection, it would be the duty of the court to decide it, and if the court erred, the only mode of review known to the law is by appeal from the judgment or a motion for a new trial upon a case or bill of exceptions.

An action to compel the determination of claims to real property is within the jurisdiction of the Supreme Court, and in such action, it is its duty to determine the questions as to whether the plaintiff is entitled to the relief sought, and whether the relief should be sought in an action, or in proceedings under the Revised Statutes. An error in deciding these questions does not affect the question of jurisdiction, and the decision of the court thereon cannot be reviewed collaterally.

A party seeking to compel the determination of claims to real property has the choice of remedies; by action under section 449 of the Code, or by special proceedings under the Revised Statutes. (2 R. S., 313, as amended by subsequent acts.)

Where an action is commenced, a defendant, by appearing and taking part in the proceedings to judgment without objection, will be held to have waived any objections to the regularity of the proceedings, and cannot thereafter object that the proceedings should have conformed to the provisions of the Revised Statutes as amended.

Where there are different claimants, each claiming distinct parcels of the real property in question, but all denying plaintiff's rights upon the same ground, and claiming title from the same source, it is proper to join them as defendants in the same action or proceedings.

The caption to the findings of the justice, before whom an action to determine the title to real property was tried, was as follows: "At a Special Term of the Supreme Court for motions and chambers business, held at chambers, at the City Hall, in the city of New York." It was objected, that the cause was not tried at any term of court, but before a judge out of court. This objection was not taken below.

*Held,* 1st. That such an objection would not be permitted to be raised in

this court for the first time.  2d. That it sufficiently appeared that the cause was tried at a Special Term, held at the place for holding courts in the city of New York, and it would not be assumed that it was not a regular court for the hearing of all Special Term business, in the face of the fact that the parties, without objection, went to trial.

Whether the proceedings to determine the title to real property are by action or special proceedings, the court has jurisdiction over the question of extra allowance of costs, and the decision cannot be set aside upon motion.

An order setting aside a judgment is appealable to this court.

(Argued May 16, 1871; decided September term, 1871.)

APPEAL from order of the General Term of the first judicial district, affirming order of Special Term, vacating judgment in favor of plaintiff.

This action was commenced to compel the determination of claims to certain real property situated in the city of New York.  The summons was in the usual form for relief, and was dated in October, 1862.  It was soon thereafter served upon all the defendants.  One of the defendants resided in California, and the summons was served upon him by publication, and he appeared and answered.  All the defendants appeared in the action but one, and all those who appeared served answers except three.

The complaint alleges the ownership, source of title, and possession of the land by the plaintiff, who claimed title in fee as heir-at-law of his father Leonard Fisher, Jr., under the will of his grandfather, and also as heir-at-law of his father, who died intestate ; describes the various parcels of land ; alleges that the defendants unjustly claim title to said lands in fee ; and demands judgment " that the defendants, and all persons claiming under them by title accruing subsequently to the commencement of this action, be forever barred from all claim to any estate of inheritance, or freehold, or for any term of years not less than ten in the said premises."  The answers were all substantially alike.  The respondent, Louisa H. Hepburn, answered jointly with her brothers, George Fisher, Thomas Fisher and James H. Fisher, and, among

other things, the answer alleges that Leonard Fisher, Jr., the alleged father of plaintiff, was never married and had no children; that he had eight brothers and sisters, of whom the four uniting in the answer were the only survivors, and that the other defendants were the children and heirs-at-law of the four deceased brothers and sisters; that the defendants were the only heirs-at-law of said Leonard Fisher, and upon his death became and were seized in fee simple of said premises, and entitled to the possession thereof, and to the rents, income and profits thereof, as such heirs-at-law; and the four defendants each claimed one undivided eighth part of said lands in fee simple, and demanded judgment for such interest, and that they be put into the possession of said lands, and that the plaintiff be compelled to account to them for their share of the rents and profits of said premises since the death of said Leonard Fisher. The other defendants in their answers claimed different proportions of said lands. The substantial issue in all the answers was upon the legitimacy of the plaintiff.

The plaintiff replied to the several answers, denying the allegations therein contained, and repeating his demand for judgment.

On the 5th of January, 1864, an order was made at Special Term of the Supreme Court, after due notice to all the parties who had appeared, directing a reference to settle the issues, that the defendants have the affirmative of such issues; that the action be placed upon the circuit calendar of the date of the 16th day of January, 1863, for the trial of said issues, both plaintiff and defendants to be at liberty to notice the same for trial, and that the result of said trial be certified to the court and to be used at the trial thereof at Special Term.

The referee thus appointed fixed the 29th day of August, 1865, for the hearing upon the said reference, of which due notice was given to all the parties who appeared, and the attorney for the plaintiff alone appeared upon such hearing. After such hearing, on the 16th day of September, 1865, the

referee made his report that he had settled said issues as follows:

1st. Did Leonard Fisher, Jr., referred to in the complaint, die without ever having been married?

2d. Did said Leonard Fisher, Jr., die without leaving lawful issue him surviving?

3d. Is the plaintiff the son of said Leonard Fisher, Jr., born in lawful wedlock?

4th. Are the defendants in this action, or any or either of them, relations of said Leonard Fisher, Jr.?

5th. What is the relationship existing between said Leonard Fisher, Jr., and the defendants or any of them?

The issues as thus settled, upon due notice to all the defendants who had appeared in the action, were brought to trial at a circuit in March, 1866, and the jury found that the plaintiff was the legitimate son of Leonard Fisher, Jr., and that the defendants were his collateral relatives, and the attorney for the respondent, Mrs. Hepburn, appeared for her upon the said trial and announced himself ready for trial, and participated in the trial.

Thereafter, on the 22d of March, 1866, pursuant to notice, the action was brought to trial before Justice BARNARD, "at a Special Term of the Supreme Court for motions and chambers business, held at chambers, at the City Hall, in the city of New York," as appears by the caption to the findings of the said justice. Upon such trial, the attorney for said respondent again appeared for her, and also for the other defendants; and the said justice found all the facts stated in the complaint to be true as therein alleged, and found and decided as matter of law, that the plaintiff was entitled to judgment against the defendants who had appeared and answered, "adjudging that they, and all persons claiming under them, or any or either of them, by title accruing subsequently to the commencement of this action, be forever barred from all claim to any estate of inheritance or freehold, or for any term of years not less than ten, in the said premises, and every part thereof, besides the costs and expenses

of this action." And it appearing that the value of the real estate was $103,000, the said justice made a further allowance to the plaintiff of five per cent upon the amount.

The motion for the extra allowance was made at the close of the trial and was opposed by the counsel for the respondent, and after argument was granted by the said justice. Notice for the adjustment of the costs was served for the 24th of March, and on said day the costs were adjusted, the extra allowance being included therein, and on that day judgment was duly entered in pursuance of the said decision and for the said costs under the direction of the said justice. The caption to the said judgment is as follows: " At a Special Term of the Supreme Court for motions and chambers business, held at chambers, at the City Hall, in the city of New York, on the 24th day of March, A. D. 1866. Present—Hon. George G. Barnard, justice." On the same day plaintiff's attorney gave notice of the entry of judgment to all the attorneys who had appeared in the action, and thereafter, on the 1st day of June, after the time for appealing had elapsed, the said Louisa H. Hepburn served a notice of appeal from the said judgment, but said notice was treated as a nullity because the same was too late, and was subsequently by consent withdrawn.

On the 30th day of May, 1866, B. W. Huntington was substituted as the attorney for the respondent, and on the 5th day of June, 1866, he made an affidavit reciting the facts alleged in the complaint and answers, and the proceedings generally, in the action, and alleging that an execution had been issued upon the judgment for costs and levied upon the property of his client. That he had perfected the appeal, which plaintiff refused to recognize as valid, because it was too late, and stating that it was his opinion, founded upon " the judgment roll and the facts disclosed in this affidavit, that there are substantial grounds for holding that the case is not one in which proceedings to compel the determination of claims to real estate can be had pursuant to the Revised Statutes, and therefore that the judgment is a nullity, or that

the requisitions of the statute have been fatally disregarded, or that the court did not have power to make the extra allowance of five per cent on the value of the real estate, or that there should have been several judgments against the defendants, according to their respective claims, or that such allowance, if authorized by law, should have been apportioned against the several defendants according to the extent of their several claims; and that the judgment ought, on motion, to be vacated as a nullity, or that the same ought to be modified as herein alternatively set forth."

Upon this affidavit, said attorney procured from Mr. Justice INGRAHAM, at Special Term, on the 6th of June, 1866, the following order to show cause:

"On the judgment roll and adjustment of costs in the above entitled action, and on reading and filing the affidavit of B. W. Huntington, on motion of the said B. W. Huntington, of counsel for Louisa H. Hepburn, one of the above named defendants, it is ordered,

1. That the plaintiff show cause, at a Special Term of this court, to be held at the City Hall, in the city of New York, on the third Monday of June, 1866, at 12 o'clock, noon, why the judgment entered in the above entitled action should not be vacated as a nullity, upon the ground that the case, as set forth in and by said judgment roll, is not one in which proceedings to compel the determination of claims to real estate are authorized by the Revised Statutes, or upon the ground that the provisions of the Revised Statutes, and the amendments thereto, in regard to the conduct of said proceedings, have been fatally disregarded; or why the said judgment should not be vacated as aforesaid, as to so much thereof as adjudges, that the plaintiff recover of the defendants an allowance of five per cent on the value of the real estate claimed in the action, upon the ground that the court did not have power to make such allowance, or any additional allowance, except the allowance by section 308 of the Code of Procedure; or why the said judgment should not be amended by severing the same into several judgments against the several

claimants, defendants, according to their respective claims, and apportioning the allowance of five per cent, if authorized by law, to the respective values of the parts of the real estate claimed respectively by the said several claimants defendants, so as that judgment should be against each for five per cent of the value of the part claimed by each; and why the said defendant should not be permitted to discontinue the appeal to the General Term, taken in this action, on such terms as may be just; and why the said defendant should not have such other or further relief as may be just, with costs of motion.

2. And the said defendant, Louisa H. Hepburn, having given security, as required by law, it is further ordered that all proceedings on the part of the plaintiff, under the aforesaid judgment, be stayed until the further order of this court."

The said order to show cause came on to be heard before the said justice, at Special Term, July 14, 1866, and upon said hearing, the attorney for the plaintiff read an opposing affidavit, reciting, among other things, how the respondent had had notice of the various proceedings in the cause, and how she had appeared therein, and alleging that the motion for an extra allowance was first made at the Circuit held by Mr. Justice JAMES, at the trial of the issues, and that it was there opposed by respondent's attorney, and that the justice then stated that, if the motion was properly before him, he would allow the largest amount which the law would permit, but that the motion ought to be made upon the trial at the Special Term; and the court made the following order:

" The order to show cause, heretofore granted in the above entitled action, this day coming on to be heard, and it appearing from the judgment roll that the case as set forth in and by the said judgment roll is not one in which proceedings to compel the determination of claims to real estate are authorized by the Revised Statutes; and it further appearing from the judgment roll that the provisions of the Revised Statutes and

the amendments thereto, in regard to the conduct of proceedings to compel the determination of claims to real estate, have not been pursued so as to give this court jurisdiction to compel the determination of the claims to real estate set up in the answers, or either of them, or of any claim to real estate; and it further appearing from the said judgment roll that this court did not have jurisdiction to render the judgment in said judgment roll contained; and it further appearing, from said judgment roll, that this court did not have jurisdiction to make the further allowance of five per cent in said judgment allowed, or to give judgment therefor:

Now, on the said judgment roll, and on the adjustment of costs in the aforesaid action, and on reading and filing the order to show cause in this behalf, and the affidavit of B. W. Huntington thereto annexed, and the affidavit of Thomas Darlington, Esq., and exhibits thereto annexed, read upon the hearing of this motion, after hearing B. W. Huntington, of counsel for the defendant, Louisa H. Hepburn, for the motion, and Thomas Darlington, Esq., of counsel for the plaintiff, opposed, and due consideration thereupon had, on motion of the said B. W. Huntington it is ordered and adjudged, that the judgment heretofore rendered in the above entitled action, and appearing in said judgment roll as the final judgment in said action, whereby it is adjudged, among other things, that the defendant, Louisa H. Hepburn, and the other defendants who made answer in said action, and all persons claiming under them by title subsequent to November 10th, 1862, are forever barred from all claim to an estate of inheritance, or freehold, or for any term of years not less than ten, in the premises in said judgment described, and every part thereof, and that the plaintiff recover of the said defendants the sum of $5,442.99, which judgment appears by the said judgment roll to have been rendered on the 24th day of March, 1866, be, and the same is, together with the entry thereof in the judgment book of the clerk of this court, and every part thereof, hereby vacated and annulled, as to the said Louisa H. Hepburn, and that the execution which has been issued and

levied under and for the satisfaction of the said judgment, and the levy of said execution, be and the same hereby are vacated and quashed as to the said Louisa H. Hepburn; and it is further ordered and adjudged that the defendant, Louisa H. Hepburn, pay to the plaintiff ten dollars costs of this motion and the costs of trial of the said action at the Special Term at which the trial was had; and it is further ordered and adjudged that the evidence taken in said action and the findings of the jury on the issues, stand, and that the said cause be brought on for hearing at the next Special Term of this court, in October, unless the plaintiff, within ten days from the service of this order, serve a consent that the defendant, Louisa H. Hepburn, may appeal with stay of proceedings and a proper undertaking within twenty days from service of such consent, and that proceedings under said judgment be stayed until such appeal is perfected or such twenty days have expired, and thereupon this motion is denied, with ten dollars costs to be paid by said Louisa H. Hepburn to the plaintiff; otherwise this motion is to stand as granted upon the terms above mentioned."

From this order the plaintiff appealed to the General Term, and from affirmance there to this court.

*H. E. Davies* for appellant. The judgment of a court having jurisdiction cannot be attacked collaterally or reviewed except by appeal. (*Le Guen* v. *Governeur*, 1 Johns. Cas., 492; *Embury* v. *Conner*, 3 Comst., 511, 522; *Wesson* v. *Chamberlain*, id., 331; *Wilcox* v. *Jackson*, 13 Pet., 511; *People* v. *Sturtevant*, 9 N. Y., 263.) The court had jurisdiction of the subject-matter. (*People* v. *Sturtevant*, 9 N. Y., 263; *In re Canal and Walker Streets*, 2 Kern., 406; *Bangs* v. *Duckenfield*, 18 N. Y., 592.) No objections could be considered by the justice at Special Term, except those disclosed in the order to show cause. (*Coit* v. *Laimbeer*, 2 Code R., 79; *Harder* v. *Harder*, 26 Barb., 409; *Rocho* v. *Ward*, 7 How., 416; *Boyd* v. *Weeks*, 6 Hill, 71; Rule 39, Supreme Court.) Proceedings by action to compel determination of

claims to real estate are proper. (Code, § 449; *Hammond* v. *Tillotson*, 18 Barb., 332; *Mann* v. *Provost*, 3 Abb., 446; *Peck* v. *Brown*, 26 How., 350; *St. John* v. *Pierce*, 22 Barb., 362.) Aside from the Code, proceedings to determine claims to real estate might properly be had against those claiming separate shares. (5 Edm. Stat., 437; 4 Kent's Com., 10th ed., 551; *Jackson* v. *Bradt*, 2 Caines, 169; *Malcolm* v. *Rogers*, 5 Cow., 188; R. S., part 3, tit. 7, chap. 5, § 11; Tillinghast's Adm'rs, 209; *Courtney* v. *Shropshire*, 3 Settle's Ky., 265; *Doe* v. *Potts*, 1 Hawk., 469; *Porter* v. *Bleiler*, 17 Barb., 154; 12 Wend., 258.) It is now in practice to bring in all parties interested. (*St. John* v. *Pierce*, 22 Barb., 362, 369; Code, § 274.) The propriety of the extra allowance cannot be inquired into after judgment. (*Dresser* v. *Jennings*, 3 Abb., 240; *Ryle* v. *Harrington*, 4 id., 421; *Jackson* v. *Fassit*, 17 How., 453; *Nesmith* v. *Clinton Ins. Co.*, 8 Abb., 141.)

*B. W. Huntington* for respondent. The order is not appealable. (*Humphrey* v. *Chamberlain*, 11 N. Y., 274; *Folger* v. *Fitzhugh*, 41.id., 228, 231; *B. and A. R. R. Co.* v. *Johnson*, 42 id., 215; *Tabor* v. *Gardner*, 41 id., 232; *Church* v. *Rhodes*, 6 How., 281; *McColter* v. *Hooker*, 8 N. Y., 503.) Judgment could only be rendered by the court sitting as such. (*Clark* v. *East India Co.*, 2 Bail. Ct. R., 320; *Bangs* v. *Selden*, 13 How., 376; *Aymer* v. *Chase*, 12 Barb., 301.) Section 449 of Code is repealed, and the remedy only by provision of statute. (Laws of 1855, chap. 511; *Crane* v. *Sawyer*, 5 How., 372; *McKeon* v. *Caherty*, 3 Wend., 494; *Almy* v. *Harris*, 5 Johns., 175; *People* v. *Hazard*, 4 Hill, 207; *Renwick* v. *Morris*, 7 id., 575; *Pennington* v. *Townsend*, 7 Wend., 276; *Cook* v. *Kelley*, 12 Abb., 35; S. C., 14 id., 466; *Gould* v. *Town of Sterling*, 23 N. Y., 456; *Dudley* v. *Mayhew*, 3 id., 9; *Smith* v. *Lockwood*, 13 Barb., 209; *Durle* v. *Van Kleeck*, 7 Johns., 477, 497; *Dexter and Limerick P. R. Co.* v. *Allen*, 16 Barb., 15; *Goddard* v. *City of Boston*, 20 Pick., 467.)

EARL, C. At the Special Term, Mr. Justice INGRAHAM wrote a brief opinion, which seems to have been adopted by the majority of the court at General Term, in which he said: "I think it very doubtful whether any such action can be maintained as was brought in this case. The only proceeding for such a purpose is under the Revised Statutes, and not an action; and the proceeding can only be to compel a determination upon a claim which any other person may make to an estate, and not against persons claiming distinct parcels of the estate, so as to include all in one judgment. In the complaint, the interest claimed by the defendants is not stated, but, by the answers, it appears some claim one-eighth; some, one-sixteenth; some, one-thirty-second, and some one-ninety-sixth. No judgment can be properly rendered against them jointly. If this is not to be regarded as an action, there can be no allowance." It is thus seen upon what ground the order was granted.

This action was commenced in the Supreme Court; a court of general jurisdiction in law and equity. The respondent was properly served and brought into court, and she appeared and answered, and defended the cause in all its stages. She made no objection to the jurisdiction of the court, and took no exception to any of its rulings, and judgment, in the ordinary form, was rendered against her. She did not appeal from the judgment, but seeks to attack it collaterally, by motion to set it aside. Can the decision of the court ordering this judgment be reviewed in this way? Suppose there had been no statute authorizing an action or special proceeding to determine the conflicting claims to real estate, and the plaintiff had commenced this action in equity, alleging his title, possession, etc., and that the defendants unjustly claimed title to the real estate, and praying that his title might be established and quieted, and the conflicting claims determined; and suppose the defendants had answered and defended as they have in this case: the court having jurisdiction of the parties, one of the questions for it to determine would be whether such an action could be maintained. If the

defendants made no objection to the sufficiency of the complaint, and litigated the cause upon the merits, could there be any doubt that they would be bound by the judgment pronounced? But suppose they did raise objections, it would be the duty of the court to decide such objections, and if the court erred, the only mode of review known to the law would be by appeal from the judgment, or a motion for a new trial, upon a case or bill of exceptions.

But we have statutes upon the subject, conferring upon the Supreme Court jurisdiction to determine the conflicting claims to real estate, and it seems to be somewhat controverted whether the proceeding should be a special one under the Revised Statutes or an action under the Code. In this case an action was resorted to, and it was one of the questions for the court to decide, whether the action was proper, and that decision according to every rule of law applicable to such cases must be final, until, according to some of the modes of review known to the law, it has been reversed. This would be so, even if the defendants had in some form objected to the plaintiff's right to maintain the action. But can they waive all objection and substantially admit that the form of the remedy is right, and then, after final judgment, complain that the judgment is a substantial nullity, pronounced without jurisdiction and therefore void? In *Wilcox* v. *Jackson* (13 Peters, 511), it is said: "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision is correct or otherwise, its judgment, until reversed, is regarded as binding in every other court." In *The State of Rhode Island* v. *The State of Massachusetts* (12 Peters, 718), Mr. Justice Baldwin, delivering the opinion of the court, says: "Jurisdiction is the power to hear and determine the subject-matter in controversy between the parties to a suit; to adjudicate or exercise any judicial power over them; the question is whether, in the case before a court, their action is judicial or extra-judicial; with or without authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the

power to render a judgment or decree, then the court has jurisdiction. What shall be adjudged or decreed between the parties, and with which the right of the case, is judicial action, by hearing and determining it." In *People* v. *Sturtevant* (9 N. Y., 263), Judge JOHNSON says: "Jurisdiction does not relate to the rights of the parties as between each other, but to the power of the court. The question of its existence is an abstract inquiry, not involving the existence of an equity to be enforced, nor the right of the plaintiff to avail himself of it if it exists. It precedes these questions, and a decision upholding the jurisdiction of the court is entirely consistent with a denial of any equity either in the plaintiff or in any one else. The case we are considering illustrates the distinction I am endeavoring to point out as well as any supposed case would. It presents these questions: Have the plaintiffs shown a right to the relief which they seek? And has the court authority to determine whether or not they have shown such a right? A wrong determination of the question first stated is error, but can be re-examined only on appeal. The other question is the question of jurisdiction. (See also, *In the Matter of Canal and Walker Streets*, 2 Kernan, 406; *Bangs* v. *Duckinfield*, 18 N. Y., 592.) Within these principles, so ably stated by the learned judges, can there be any doubt that the court had jurisdiction of this case? It had jurisdiction of the persons of the defendants by the service of process in the ordinary way, and it was its duty to determine whether the action could be maintained and the relief claimed could be granted. And even if these questions were erroneously determined, it does not affect the question of jurisdiction, and the error must be corrected by some one of the regular modes of review provided by law.

It would be a very unwise administration of justice and lead to much vexatious litigation if a judge holding one Special Term could, upon mere motion, set aside the decision and judgment of another judge at Special Term upon allegations that the latter had erred as to any of the questions submitted

for his determination. Here there is no allegation of any mistake that has caused wrong to the defendants, or that there was any collusion between the attorneys, or that the case was not properly defended by the respondent's attorney. It is simply a case where one judge differs as to the law from another judge who tried the case. Without going further, there would be abundant reason for reversing the order appealed from. But I am clearly of the opinion that the court did not err in entertaining the action and rendering the judgment.

The Revised Statutes (2 R. S., 312) provide a special proceeding for the determination of claims to real estate. The proceeding has many of the incidents of an action, particularly as amended by chap. 511 of the Laws of 1855. But the Code, section 449, provides as follows: "Proceedings to compel the determination of claims to real property, pursuant to the provisions of the Revised Statutes, may be prosecuted by action under this act without regard to the forms of the proceedings as they are prescribed by that statute." This section was permissive, and gave a party a choice of remedies by action under the Code, and by special proceedings under the Revised Statutes. The Revised Statutes provided a remedy by special proceedings to settle conflicting claims to real estate. The Code provides that the same relief may be sought by action without reference to the forms provided in the Revised Statutes. The relief is to be sought by the ordinary proceedings of an action. This was so held in *Hammond* v. *Tillotson* (18 Barb., 332); *Mann* v. *Provost* (3 Abb., 446); *Peck* v. *Brown* (26 How., 350); *Burnham* v. *Onderdonk* (41 N. Y., 425). But if it should be held that the action under the Code is required to conform to the provisions of the Revised Statutes, as amended in 1855, then the respondent, by appearing and taking part in the proceedings in all their stages from the commencement to final judgment, without making any objection, must be held to have waived any objections to any irregularities in the proceedings which they might otherwise have made.

It is claimed, on the part of the respondent, that the plaintiff could not properly unite all the claimants as defendants in the action. I cannot doubt that this claim is entirely unfounded. Here are twenty-four persons claiming title to this real estate. They all denied plaintiff's right upon the same ground, and claimed title from the same source, and, therefore, had the same defence to the action. It cannot be that, under the Revised Statutes, it would have been necessary for the plaintiff to have instituted, in such a case, twenty-four special proceedings. There is nothing in the letter or the object of the law which would require this, and the proceeding could be conducted against several as well as one. Under the Revised Statutes, these defendants, if they had all been in possession of this real estate, claiming the same title which they set up as defendants, in this action, could all have been united as defendants in an action of ejectment; and they could, if they had chosen to do so, all have united in an action of ejectment against the plaintiff. Hence, there was no error in the joinder of the defendants. But if there was, it was waived by the omission to raise the objection in the answer or upon the trial. (*Fosgate* v. *The Herkimer Manufacturing and Hydraulic Co.*, 12 N. Y., 580.)

It is also objected, that it appears, by the caption to the findings of Mr. Justice BARNARD, and of the judgment, that the action was not tried at any term of court, but before the judge, out of court, at his chambers. This objection was not made in the moving papers, and seems to have been raised for the first time in this court. The order to show cause, and the order setting aside the judgment, both assume and state, in substance, that the action was tried in court. If the objection had been made in the moving papers, it could have been made to appear more clearly, perhaps, that the action was tried in court, and, hence, the objection should not be permitted to be raised here for the first time. But it is sufficient that it appears that the action was tried at a Special Term, held at the City Hall, the place for holding courts in the city of New York. The chambers of the judge may

have been in the court-room, and while it is recited that it was a Special Term for motions and chamber business, we cannot assume that there was not a regular court sitting there for the hearing of all Special Term business, in the face of the fact that the parties, without objection, went to trial. It may be that this particular place for holding the court was provided by the sheriff under sections 24 and 28 of the Code, and the Special Term may have been adjourned to the judge's chambers under section 24. Every presumption must be in favor of the regularity of the proceeding in this respect.

The only other objection to be considered is as to the extra allowance. If this was to be treated as an action under the Code, then the court had jurisdiction over the question of extra allowance, as in other actions. If it was to be governed as to costs by the Revised Statutes, then it is provided (§ 7, as amended in 1855) that the court can award costs "as in other personal actions." Mr. Justice BARNARD, at Special Term, then, had jurisdiction to decide the question of extra allowances, and another judge, at Special Term, could not, upon motion, set aside or reverse his decision. And even if the extra allowance was improperly granted, it would not authorize such an order as was made in this case.

The order is clearly appealable under the fourth subdivision of section 11 of the Code, as amended in 1870.

Having thus given the case the careful consideration its importance seems to demand, I have reached the conclusion that the order appealed from should be reversed, and the motion dismissed, with costs.

All concur.

Order reversed and motion denied, with costs in both courts.