By the Court.—Curtis, J.
The learned judge be: fore whom the action was tried, has found that the plaintiff had been in the actual possession of the premises for three years immediately next preceding the commencement of this action, and that her possession was such as to entitle her to maintain this action. The suit is in the nature of a proceeding to compel the determination of claims to real property, pursuant to the provisions of the Revised Statutes, but prosecuted as an action, under the 449th section of the Code. It is consequently governed by the same rules as other actions, and the same defences to defeat the right to such relief may be set up (Peck v. Brown, 26 How. 360 ; Barnard v. Simms, 42 Barb. 304 ; Hammond v. Tillston, 18 Barb. 332).
The cause was tried at Special Term by both parties, on the assumption that the defendants had properly pleaded their title, and on that assumption was there disposed of. The case comes up for review on the judgment roll and exceptions only.
The first question that arises is, whether the plaintiff has established any title to the premises. She claims title by a deed from the official assignee in bankruptcy executed for a nominal consideration, in October, 1860, *148 purporting to convey all the premises, including the ten lots in question, conveyed by Alexander M. Bruer to Duncan S. Dyson, July 7, 1835. Chief Justice Robertson held that the true construction to be given to the deeds under which D. S. Dyson had an interest which passed to the assignee in bankruptcy was, that thereunder the only estate he had, which was capable of passing to an assignee in bankruptcy, was an undivided one-third part (Ford v. Belmont, 7 Rob. 110); and I agree with the judge before whom this cause was tried at Special Term, that this view is substantially the ground taken in the General Term opinion (7 Robt. 522).
It seems to be determined in this court by the construction already given to the effect of these instruments, and of the assignment to the assignee in bankruptcy by D. S. Dyson, that only an undivided third part passed to the assignee, and there appears no reason for putting a different construction on the instruments and the effect of the proceedings in bankruptcy.
This individual one-third of the premises conveyed to D. S. Dyson, including the ten lots in question, having become vested in the assignee in bankruptcy, was by him conveyed, in August, 1846, to one Gordon L. Ford, in fee simple; consequently, all the estate of the assignee in bankruptcy passed to him, and there was nothing left for the assignee to convey to the plaintiff by his deed to her in 1860.
The next and remaining question is, whether the defendants, Belmont and Home, as surviving trustees of Caroline S. Belmont, are entitled to recover the possession of these ten lots.
The plaintiff shows a possession for three years immediately preceding the commencement of this suit.
From 1861 to 1865 the lots in question were in the actual occupation of one McNulty, who had charge of the premises on behalf of the trustees of Mrs. Belmont, and previous to that they were in the possession and *149 occupation of lessees, whose possession and occupation was also through the trustees of Mrs. Belmont, and enured to their benefit. It had been conveyed to these trustees in November, 1847, for the purposes of a marriage settlement.
The plaintiff by her action seeks that the court shall upon the strength of her three-years’ possession, defeat the prior possessory title of the trustees.
Down to the trial of this cause, the defendant Belmont had paid the taxes on the lots.
The trustees had a long-continued possession under claim of title to the entire interests in the premises, and this possession was immediately-prior to the possession of the plaintiff. This prior possession of the trustees had never been abandoned, and whether it was short of twenty years or not, it was of such a character that it must prevail over the subsequent possession of less than twenty years (Smith v. Lorillard, 10 J. R. 356; Jackson v. Livingston, 7 Cow. 636).
The judgment appealed from should be affirmed, with costs.