By the Coubt.—Vah Vobst, J.
A common, though not necessary attendant upon an action for divorce, is a provision for alimony. In some States it is obtained by an independent suit or proceeding. But under our statute, it is an ancillary proceeding to the action for divorce.
The power of the court to make such allowance does not appear to be a subject of original equity jurisdiction. but is derived from the statute.
It is provided by statute, that if the wife be the - complainant, and a decree dissolving the marriage be pronounced, the court may make a “further” decree or order against the defendant, compelling him to provide such suitable allowance to the complainant for her support, as the court may deem just, having regard to the circumstances of the parties respectively (2 Rev. Stat. 146, §58 [-§45]).
In this case no provision was made for alimony in the judgment dissolving the marriage relation, nor was any order made at the time the judgment was rendered on the subject.
Weight, .J., in Forrest v. Forrest, 25 N. Y., 505, in speaking of the judgment in that case, says: “ The judgment for a divorce was a final and perfect one, and the further order or decree for alimony not any part of it, or necessary consequence of such judgment, but resting in the discretion of the court.”
*245 In the case of Cook v. Cook, 1 Barb. Ch., 644, the action was terminated by a final decree making no provision for alimony, nor as to the custody of the children, yet, after the deceree, the complainant filed her petition in the original suit, asking for the care and custody of her children. The petition was upheld, on the ground that it was a collateral proceeding, to be exercised before or after decree. It should be added, however, that there is a statutory provision, authorizing the court at the final hearing, or “ afterwards,” as occasion might require', to make such order, as between the parties, for the custody, care, and education of the children, as might be necessary '(2 Rev. StaT. 148, § 73 [§ 59]).
It is claimed by the counsel for the appellant, that this provision does not extend to the allowance of orders for alimony, after the final judgment is entered, and that unless the judgment of divorce makes a “further ” decree or order for such allowance, it may not be made “afterwards,” and that the order of which complaint is made, is an alteration of the substance of the judgment.
With regard to the matters adjudicated under, the issues in the action, a final judgment may not be enlarged on the motion. The matters so determined, do not rest in discretion. The power to correct a final decree, or judgment, by motion, being limited to accidental omissions or errors, not affecting the substance of the adjudication.
But, as has been observed above, the proceeding for alimony is collateral to the action, which is for the dissolution of the marriage relation, and the provision in regard to it is not a necessary part of the judgment, and whether allowed or not," rests within the discretion of the court, under the facts and circumstances of the case.
Even had provision for alimony been made by *246 “further” order or decree at the time the judgment was rendered, its amount as,then fixed would not have been unalterable, but could have been afterwards increased or diminished by subsequent order, as the real exigencies of the case might actually require (Bishop on Marriage and Divorce, vol. 3, § 439, § 430 ; Halsted v. Halsted, 5 Duer, 659; Forrest v. Forrest, 3 Bosw. 661).
The allowance of alimony is within the jurisdiction of the court, and whether it shall be made at the time of the final judgment, or afterwards, is within the power of the court to determine. It is a question of practice ; ■ good reasons may be assigned for limiting a demand for alimony and inquiry on the subject, to the period before and ending with the final judgment, and not to be initiated in consequence of the changed condition of the parties thereafter, as the parties are thenceforward finally separated. The successful complainant, if a wife, being" at liberty to marry again, and acquire means and property of her own. Another reason is found in the fact that the amount of alimony is commonly adjusted by the circumstances of the case as then existing, such as the means of the defendant, and the condition and want of the plaintiff (Forrest v. Forrest, 3 Bosw. supra). But this • is a subject for the determination of the court, at the time the application is, made. There is nothing in the case which shows that any application or demand for alimony was made at the time of the judgment, or that the subject was then passed upon by the court.
But it does appear by the affidavits in the case before us, that on the day on which the judgment was entered, the defendant gave the plaintiff three hundred dollars, which he claims was in full for alimony and costs of the action.
The plaintiff, on the other hand, claims that the defendant then agreed to pay her three hundred dollars *247 per annum for her support and maintenance during her natural life, and that the three hundred dollars paid on August 3, 1852, was the first installment, and that he has not made any subsequent payment. But whatever its nature, it was an outside arrangement. The delay of the plaintiff in making her application to the court thereafter was unusual, and open to observation, and that, together with such evidence as the defendant possessed of the release by the plaintiff of claim for alimony, and all other legal grounds or matters which existed in his favor, were proper to be urged by the defendant upon the consideration of the court, as reasons for the denial of the plaintiff’s application for alimony.
The defendant appears to have so understood his rights,- and did appear by counsel, and opposed the application, and after the order of reference was made, he appeared before the referee, and evidence was offered by both parties, and the defendant was sworn as a witness (Kamp v. Kamp, 46 How. 143.)
The defendant also appeared in court by counsel and opposed the confirmation of the referee’s report, and also the final order granting and determining alimony, and fixing its amount. Such final order was made May 23, 1872.
Tinder such circumstances, it was the duty of the defendant, if for any reason he would seek further to resist or question that, or any previous order made, to enforce his remedy by appeal.
Instead of appealing from the orders, he has remained quiet, other proceedings in the mean time having been taken by the plaintiff, on the basis of the order of May 23, 1872, to enforce the payment of the alimony thereby ordered, and then, after the expiration of more than eighteen months, he moved this court to set aside the order, with the enrollment and docketing *248 thereof, on the ground that it was irregular aud void, together with the previous orders of reference.
An appeal would have tested the validity of either ground of objection, and that under the circumstances was the appropriate remedy. The validity of an order cannot be tried on a motion before another judge on the same facts or grounds. If there was any error in the judgment and determination of this matter at special term, the error must be corrected by the regular method of review provided by law (Foster v. Hepburn, 48 N. Y. 41, 53).
Of the subject matter of the inquiry, the court had jurisdiction by statute ; of the person of the defendant, it acquired jurisdiction by his appearance and entry upon the investigation.
If there was any want of regularity in the proceedings, or any advantage was gained by him- by delay in the plaintiff’s application, or otherwise, on those grounds he should have objected. He doubtless hoped to defeat the application on the merits, by the evidence adduced before the referee, under the order of November 11, 1871. Failing in that, he now seeks to set aside the proceedings as void. As before stated, his remedy, if any, was by appeal.
The order appealed from is affirmed, with costs.
Sedgwick and Speib, JJ., concurred.