IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ESTATE OF CHARLES B. GRAY, DECEASED.

(CLAIM OF SARAH B. LOCKWOOD, APPELLANT.)

*Reference of disputed claims against an estate — what claims may be passed by the referee — his report, when confirmed, binds the surrogate and can only be reviewed on appeal.*

A claim presented to the administrator of one Charles B. Gray by the appellant, who had indorsed and became surety upon a paper made by Charles B. Gray and C. G. Lockwood, having been rejected by him was referred by consent. The paper was used in a business which Gray and Lockwood were carrying on as partners. The referee reported that the claim was a claim against the estate of Charles B. Gray, and was to be paid with the other individual debts of the deceased. This report was confirmed by this court. Upon the final settlement of the estate a decree was entered directing that the individual creditors were entitled to be first paid in full, and that the balance should be divided among the partnership claimants, among which latter was included the appellant.

*Held,* that the decree should be reversed as the report of the referee, having been confirmed by this court, was binding upon the parties and the surrogate and could only be reviewed by an appeal. (PRATT, J., dissenting)

APPEAL from a decree of the surrogate of Orange county, entered on the final judicial settlement of the estate of Charles B. Gray, deceased.

The appellant was surety and joint maker upon a joint and several promissory note for $2,000, an accommodation indorser upon a similar note of $170, and an accommodation indorser upon four joint notes, aggregating $860. All of these notes were signed by Charles B. Gray and C. G. Lockwood. All have been paid by the appellant and the notes are now in her possession.

Charles B. Gray and C. G. Lockwood were, in 1875, copartners doing business under the firm name of Gray & Lockwood. The assets of the firm have been disposed of. The firm ceased to do business several years before the decease of Mr. Gray, and both the firm and its surviving member are insolvent. The claims of Mrs. Lockwood were duly presented to the administrator, were by him rejected, and a reference was had thereon, under the statute, relative to claims against estates of deceased persons. The referee reported that all of Mrs. Lockwood's claims were just demands against the estate of Mr. Gray, and that she was entitled to share equally with his individual creditors in its distribution. Judgment in accordance with his report was duly granted and entered.

The surrogate was requested to find that the judgment of the Supreme Court was conclusive upon him as to the matters therein determined, which he refused to do, and an exception was taken to such refusal. He was also requested to find separately that the appellant was entitled to share equally with Mr. Gray's individual creditors as to the amount paid by her on the $2,000 note, but this request was refused and exception duly taken. Like requests were separately made as to the sums paid on the $170 note, and on the other notes. These requests were denied, and exceptions were taken to such refusals. The surrogate held that all of Mrs. Lockwood's claims were, in effect, debts of the firm of Gray & Lockwood, and that payment must be deferred until the individual debts of Mr. Gray had first been paid in full.

*C. E. Cuddeback*, for Sarah E. Lockwood, claimant, appellant.

*Lewis E. Carr*, in person, and for individual creditors of Gray, respondent.

BARNARD, P. J.:

The judgment of the Supreme Court was binding upon the Surrogate's Court. The appellant held claims, as she alleged, against

the estate of Charles B. Gray. The administrators rejected the claim. It was referred, under the statute, and it appeared that the appellant had indorsed and become surety upon papers made by Charles B. Gray and G. C. Lockwood. They were partners, and intended to use the money in their business, and did so. The referee reported that the claim was a claim against the estate of Charles B. Gray, and entitled to share with the individual creditors of the deceased. This report was confirmed by this court. The statute is very general in respect to claims against deceased persons, but broad enough to determine whether a creditor was entitled to share with the individual creditors of deceased, or whether the claim was one which must await the payment in full of partnership debts before it was entitled to payment out of the assets. Besides this, it was the very thing submitted to the referee by both parties, by consent to adjudicate upon her claims against the estate, and the adjudication in a court having jurisdiction of the subject-matter and the parties was binding, and could only be reviewed by appeal. (*Fisher* v. *Hepburn*, 48 N. Y., 41.) It was as valid as if commenced by ordinary process. (2 R. S., 89, § 37.)

As to the $2,000 note, the appellant was a surety. It was a joint and several note, and when the surety paid it she took the place of the debt, as one against the individuals who made the note and each of them.

The decree should be reversed and the proceedings remitted to the Surrogate's Court, with directions to allow the appellant's claim as an individual debt against the estate, with costs to appellant out of the estate.

DYKMAN, J., concurred.

PRATT, J. (dissenting):

On the reference under the statute the order of distribution of the assets of the estate was not in question. That was not a question which the administrator could legally submit in that proceeding, and what was done in that respect was not binding on the other creditors. They now have, for the first time, the opportunity to be heard. The jurisdiction of a court to render a judgment can always be inquired into.

The decree of the surrogate should be affirmed.

Decree of surrogate reversed and proceedings remitted, to the end that this appellant's claim be allowed as an individual debt. Costs of the appellant out of the estate allowed on appeal.