Pearl " Astor ", Petitioner, *v.* Samuel " Astor ", Respondent

Domestic Relations Court of the City of New York, Family Court, Bronx County, February 23, 1954.

*Adrian P. Burke, Corporation Counsel (Rose Schneph* of counsel), for petitioner.

*Max J. Dym* for respondent.

HOROWITZ, J. Petitioner, Pearl " Astor ", and respondent, Samuel " Astor ", were married in the city of New York on or about February 1, 1937. On September 10, 1943, both parties were represented by counsel and in open court duly signed, executed and acknowledged a written agreement wherein and whereby respondent acknowledged " his legal liability for the support of Petitioner, whose relationship to Respondent is that of wife, and agreed to pay weekly, each and every week the sum of $5.00 DOLLARS for the support of Petitioner; and Petitioner

hereby agrees to accept the sum herein specified as fair and reasonable and both parties hereto consent that an order be entered herein providing for said support ". An order of the court was duly entered on the same day approving the agreement of the parties and directing payments by respondent to petitioner in accordance with said consent agreement.

On June 14, 1945, petitioner and respondent appeared before this court and consented to a modification of the support agreement. An order was entered herein directing a modification requiring respondent to pay petitioner $10.83 semimonthly plus $2 semimonthly on arrears which had accumulated. It is conceded that respondent defaulted in his payments under the agreement and order of this court and is in arrears in the sum of $1,862.76 as of February 4, 1954.

Petitioner now seeks to enforce regular payments under the agreement and court order and collection of the arrears due.

Respondent denies liability, contending: — (1) That the marriage of petitioner and respondent was void *ab initio* by reason of a judgment of divorce granted respondent's wife by a prior marriage on the ground of respondent's adultery (Supreme Court, Bronx County, Aug. 2, 1929). That judgment forbade respondent " to marry any person other than plaintiff during the lifetime of the plaintiff except by express permission of the Court ". (2) That on or about August 14, 1947, respondent was granted a decree of divorce against petitioner in the District Court of Davis County, Utah.

The record of the proceedings in this court establish that in June, 1946, respondent was in Florida where he instituted an action for divorce against petitioner. In July, 1946, he returned to New York. He again went to Florida in September, 1946, returning to New York in December, 1946. On November 26, 1946, the Circuit Court of the eleventh Judicial Circuit of the State of Florida entered a decree in the divorce action instituted by respondent against petitioner staying that cause until respondent paid certain allowances for attorney's fees and alimony *pendente lite* to petitioner. It does not appear that respondent ever complied with the court's judgment, but apparently ignored the same and moved on to Utah where he attempted to establish a beachhead for his suit there against petitioner. As a matter of fact, in February, 1947, he obtained employment in Utah and in June, or July, 1947, instituted a divorce action in that State against petitioner which resulted in a decree of the District Court of Davis County, Utah, on August 14, 1947, which

by its terms six months thereafter became final as a divorce from petitioner. Respondent returned to New York at the end of 1948. Respondent entered into his third marriage in New Jersey in 1950.

It is obvious from the chronological recital of the wanderings of respondent to Florida, back to New York, then to Utah and again back to New York that respondent never intended to abandon New York as his domicile but merely sought temporary residence first in Florida and then in Utah to consummate his design to rid himself of petitioner by divorce not obtainable in New York.

I find the decree of divorce obtained in Utah by respondent against petitioner is not entitled to the full faith and credit essential to make it binding on our courts and his second defense is accordingly stricken out.

The only other question before the court for disposition is respondent's first defense.

Respondent raised no question of the validity of his marriage to petitioner in September, 1943, when this matter first came before the court but with his counsel at that time entered into a consent agreement to support petitioner as his wife and the court accordingly approved and entered an order to that effect. Again in June, 1945, respondent appeared herein and consented and agreed to a modification of the support agreement for petitioner, as his wife, and the court accordingly entered an order to that effect. He knew the situation all through the years, from 1937, when he and petitioner were married, but remained silent. He presents no newly discovered evidence of any kind. The issue is one that existed and if raised by respondent could have been litigated as early as September, 1943, when the parties first appeared before this court for a hearing and determination of his obligation to support petitioner as his wife. This court found petitioner and respondent were married and on respondent's consent and agreement with petitioner fixed the support allowance predicated on that finding. Respondent took no appeal from the 1943 or 1945 orders of this court, fixing support for petitioner as his wife.

In *Merritt* v. *Merritt* (259 App. Div. 242, 243-244), the court said:—"No appeal having been taken by the husband from the order directing him to pay eight dollars each week for the petitioner's support, we are now limited to a consideration of the question of the jurisdiction of the Family Court which includes ' jurisdiction within the city to hear and determine all proceedings to compel the support of a wife, child or poor

relative.' (Dom. Rel. Ct. Act, § 91, subd. 1.) In the exercise of that jurisdiction the issue must necessarily arise whether the petitioner is the wife or the child or a poor relative of the person who is charged with the duty of support. That issue like other issues of fact must be determined by the court which is authorized to hear the proceeding. When, therefore, the Family Court by awarding support to the petitioner determined after a hearing (Dom. Rel. Ct. Act, § 128) that she was a person entitled thereto under section 91, its finding that the parties were married was as conclusive on both as was the adjudication of any other issue of fact. (*Fischer* v. *Langbein*, 103 N. Y. 84; *People ex rel. Kuhn* v. *P. E. House of Mercy*, 133 id. 207; *Matter of Sussman* v. *Sussman*, 242 App. Div. 843.) If that issue had been contested and the court had found the relationship to exist, its determination would be conclusive on the parties; if uncontested by the person liable to pay support, then, all the more, should the determination not be disturbed in the absence of newly-discovered evidence. (*Fisher* v. *Hepburn*, 48 N. Y. 41; *Reich* v. *Cochran*, 151 id. 122.) Otherwise, we place in a favored position the party who fails to controvert an issue of fact by according him the opportunity of a second contest if he is defeated on the other questions in the case. Moreover, if it be conceded that jurisdiction depends on the existence of the relationship rather than on the finding of the court that the relationship exists, then that question may be relitigated not only once but many times with the result that the order directing support may be treated as a nullity if another court or judge shall find that the relationship does not exist. It has now been once decided that these parties are married. There is no reason to believe that two such decisions would be more binding than one."

Respondent admits his prior marriage was terminated by a divorce decree because of his adultery. He seeks to escape legal obligation to support petitioner relying on his own violation of the court decree in that divorce action as the basis for repudiation of his support obligation.

As stated by the Court of Appeals in *Krause* v. *Krause* (282 N. Y. 355, 360), " it is not open to defendant in these proceedings to avoid the responsibility which he voluntarily incurred."

Justice requires that respondent be denied the right to profit by his own misconduct, deliberate disregard and clear evasion of the conditions for his remarriage imposed by a decree of divorce against him. He would use his failure to comply with a condition subsequent in that judgment to gain personal advantage and court favor. This court will not lend its aid to his

scheme to defeat justice. His obligation to support petitioner as fixed by this court must be enforced. Petitioner's motion to strike out respondent's first defense is granted.

The order of support for petitioner by respondent and payment of arrears is continued. Cash bond in the sum of $500 for six months ordered as security for future payments under the order for support herein or respondent to stand committed to the commissioner of correction of the City of New York for a period of six months from the date of such commitment. Posting of bond stayed to March 1, 1954, and bail continued until such posting or surrender of respondent.