One of the subscribing witnesses to a will, if he can prove all the solemnities required by the statute, is sufficient for the plaintiff; but, if the witness called, can only prove his own signature, the other witnesses, if living, must be produced; or, if they are dead, their hand-writing, and that of the testator, must be proved; and it is then a question of fact, whether, under the circumstances, all the requisites of the statute have been complied with.

Where one of the witnesses to a will was called, and proved his own signature, and that of another subscribing witness who was dead, but had lost all recollection of the facts and circumstances of the execution of the will, and had no knowledge of the testator: *Held*, that this was not sufficient proof of the execution of the will; but that the third subscribing witness who was living, within the jurisdiction of the Court, ought to be produced.

JACKSON, *ex dem.* J. LE GRANGE, *against* A. LE GRANGE.

EJECTMENT tried at the *Albany* circuit, on the 12th of *April,* 1821, before the Chief Justice. At the trial, to support the plaintiff's title, the counsel offered a will of *Amie Le Grange,* dated the 28th of *January,* 1796. To prove the execution of the will, the plaintiff's counsel called *John N. Quackenbush,* one of the subscribing witnesses to the will, who testified, that his name subscribed was his proper handwriting; and that he knew the handwriting of *Jeremiah Lunsing,* another subscribing witness, who was dead. That he never knew the testator, nor did he know that he had ever seen him; that he had no recollection of seeing the will executed, or any fact in relation to it, except that from the circumstance of his name being subscribed as witness, he supposed he must have seen it executed. The witness stated, that he was twenty-one years old, at the date of the instrument, and knew the requisites to a good execution of a will, being then about to be admitted as an attorney of this Court. The witness had no knowledge or recollection that he saw the other witnesses sign their names, nor did he know that they saw the testator sign his name. The other subscribing witness, *Matthew Wendell,* he understood, resided at *Brooklyn, Kings* county, in this state.

It was proved, that the testator died in *Albany,* in 1811, leaving seven children, of whom the lessor of the plaintiff was one. The will had not been proved before a surrogate, or the Judge of Probates, nor had letters of administration been taken out upon it.

The defendant's counsel objected, that the will had not been sufficiently proved; but the Chief Justice permitted it to be read in evidence, reserving the question.

*Butler,* for the defendant, contended, that the will in this case had not been sufficiently proved, and that the plaintiff, therefore, was not entitled to recover more than one seventh

part of the premises in question, as one of the heirs at law of the testator. The statute (1 *N. R. L.* 364. sess. 36. ch. 23. s. 2.) intended to guard against false wills ; and it ought, always, to be shown, that the requisites of the statute have been fully complied with. The *English* Courts have gone quite far enough in support of wills. The rules and principles there established, on this subject, are to be found in *Phillips on Evidence*, (378. 383.) and *Adams on Ejectment.* (267.) All the circumstances attending the execution of a will, may be proved by one of the subscribing witnesses ; but he must prove all the requisites ; that the testator signed or acknowledged the will in his presence, and in that of the other two witnesses, and that he, and the other two witnesses, subscribed their names in the testator's presence. But if the witness can prove only his share in the transaction, it is not sufficient ; and the other witnesses must be produced. Here, the witness proved nothing but his own signature, and the death of *Lansing*, the first subscribing witness. He knew nothing of *Wendell*, the third witness, except that he lived within the state. There can be no presumption that the third witness subscribed his name, or that the testator signed in his presence. Again ; the witness knew nothing of the testator, and was not certain that he had ever seen him. There are no circumstances to help out the case. The plaintiff was bound to produce the best evidence in his power ; and as the third witness was living within the state, he ought to have been produced.

*S. Beardsley*, contra. The rule, in this respect, as to the proof of wills, is the same as in the case of a deed or other instrument under seal. In *Bemett* v. *Taylor*, (9 *Vesey*, 381.) where a witness to a will had become insane, proof of his handwriting was allowed, he being considered as if he were dead. So, in *Carrington* v. *Payne*, (5 *Vesey*, 404.) where the witness was in the *West-Indies*, proof of his handwriting was held sufficient. *Roberts on Wills*, (p. 447.) mentions a case before the Master of the Rolls, in which the will having been made *thirty* years before, and the testator having been dead above twenty years, and no account of one of the subscribing witnesses to be obtained, proof even of

his handwriting was dispensed with, on proving the handwriting of the other two witnesses ; and the Master of the Rolls observed, that he did not see how a will could be distinguished from a deed, as to this point. (*Cunliff* v. *Sefton,* 2 *East*, 183. *Phillips on Evid.* 384. 2 *Bay's Rep.* S. C. 187.) This is not a case of *secondary* evidence. In *Hands* v. *Herbert,* (*Comyn's Rep.* 531.) where the witnesses to a will were all dead, it was decided to be matter fit to be left to a jury, to decide, from circumstances merely, without any positive proof, whether the witnesses set their names in the presence of the testator. Whether there has been a compliance with all the requisites required by the statute, is a matter of fact which may be left to the jury to determine. The attestation of a will need not state, that the witnesses subscribed their names in the presence of the testator. (*Brice* v. *Smith,* 1 *Willes' Rep.*) Where a subscribing witness said, " he was convinced that he was present, and attested the execution of the instrument," that was held sufficient, though he did not say that the signature was the handwriting of the party. (*Pigott* v. *Holloway,* 1 *Binney's Rep.* 436. 2 *Dallas' Rep.* 96. 2 *Heywood's Rep.* 338.) One witness only need be produced to prove a will. If the heir objects, he must produce the others. (*Rob. on Frauds,* 439.) The subscribing witnesses to a will may give evidence against their own attestation ; but the plaintiff may contradict that evidence by other witnesses. (*Rob. on Frauds,* 240. *Str.* 1096. 1 *Wm. Bl. Rep.* 365. 416.)

SPENCER, Ch. J. delivered the opinion of the Court. I am of opinion, that the will was not well proved. *Quackenbush* merely proved his own signature, as a witness to the execution of the will. He had lost all recollection of the facts and circumstances attending its execution. He never knew the testator, nor had he, to his recollection, seen him before that time. I consider it well settled, that on a trial at law, where the execution of a will comes in question, the party supporting, or claiming under it, is not under the necessity of calling more than one of the subscribing witnesses, if he can prove the execution, as that the testator signed it in the presence of the witnesses, or acknowledged his signing to

them, or to each of them, and that the witnesses subscribed it in his presence. But if the witness cannot prove these requisites, the other witnesses ought to be called. If they are dead, their handwriting, and the handwriting of the testator, ought to be proved; and then it becomes a question of fact, whether, under all the circumstances, it is to be presumed that all the requisitions of the statute have been observed. (*Phillip's Evid.* 383, 384. *Adam's on Eject.* 267.)

The death and signature of *Jeremiah Lansing* were proved; but it appeared, that *Matthew Wendell*, the other subscribing witness, was alive, and within the jurisdiction of the Court. He ought to have been called, inasmuch as *Quackenbush* did not prove the facts essentially necessary to the valid execution of the will. If *Wendell* had been called, he might have either proved or disproved these facts. If his recollection should, also, have failed him, still, if he could have proved his signature, then, on proving the signature of the testator, I should be of the opinion, that the will had been sufficiently proved to entitle it to be read. The law does not require impossibilities; and, therefore, where the will has been executed for a long period before the trial, it is not, ordinarily, to be expected that the witnesses will be able to remember all the material facts. In this respect, a will may be compared to a deed, the execution of which is denied. If the subscribing witnesses prove their signatures, though they may not be able to recollect the delivery; yet, if they declare that they never subscribed as witnesses without a due execution of a deed by the grantor, or obligor, such proof would be sufficient. So, also, if the subscribing witnesses to a will are dead, the proof of their signatures, and *that* of the testator, is sufficient. *Prima facie*, the law will intend a due execution. The will, in this case, not being well proved, the plaintiff is entitled to judgment for one seventh part only of the premises.

Judgment accordingly.