## Price *vs.* Brown.

*In the matter of proving the last Will and Testament of* Dorcas M. Remsen, *deceased.*

The validity of a will executed before the Revised Statutes went into effect, must be determined by the law as then existing, and will not be impaired by the provisions of the R. S.

Whenever the witnesses to such a will are dead, and their handwriting, and that of the testatrix, are proved, the due execution will be presumed, though it does not appear from the attestation clause, that the witnesses subscribed the will in the presence of the testatrix. The same presumption exists when two only of the witnesses are dead, and the other is absent from the State and beyond the jurisdiction of the Court.

A. M. Griffen, *for Executors.*

A. R. Dyott and Wm. Allen, *for Heirs and next of kin.*

The Surrogate. The instrument propounded for probate is dated, and purports on its face to have been exe-

cuted, the sixth day of May, 1828, and the validity of its execution must be determined under the provisions of the statute then existing, and will not be impaired by the changes made in the law by the Revised Statutes. (2 *R. S.*, 3*d ed.*, *p.* 133, § 92.) It consists of a printed blank filled in writing, as to those parts which were left open for the name of the testatrix, and her particular testamentary provisions. The attestation clause is also printed, with blanks filled in writing with the words marked in italics, viz. : "signed, sealed, published and declared by the said *Dorcas M. Remsen*, as and for *her* last will and testament, in the presence of us who at *her* request, in *our* presence, and in the presence of each other, have subscribed our names as witnesses," "John B. Creemer, Augustus Lannier, Wm. H. Smith." The last two named witnesses are dead, and the first is a resident of the State of New Jersey. The handwriting of the testatrix, and of all the three witnesses, has been satisfactorily proved. Were all the witnesses dead, I think the proof would be sufficient. There can be but little doubt that the word " our," inserted in the blank attestation clause preceding the word "presence," was a mistake instead of the word "her," which to be correct it ought to have been. " In *our* presence, and in the presence of each other," is mere tautology, and the probability is, the word " our" was inserted through a clerical error. Independently, however, of this view, it seems to be settled, that where all the witnesses are dead, and their handwriting and that of the testator have been proved, the due execution of the will, will be presumed from such evidence, although it does not appear from the form of attestation, that the witnesses subscribed the will in the presence of the testator. This was settled more than a hundred years ago, in *Hands* vs. *James*, where the attestation clause not showing that the witnesses signed in the presence of the testator, it was left to the jury to determine whether or not it had been so done, and the Court held, that all the witnesses being dead, and the matter being incapable of express

proof, it would be intended that the witnesses had set their names to the will regularly. And this has been the law ever since. (*Hands* vs. *James, Comyn's Rep.*, 531; *Croft* vs. *Pawlet*, 2 *Stra.*, 1109; *Brice* vs. *Smith, Willes*, 1; *Lord Rancliffe* vs. *Parkyns*, 6 *Dow.*, 202; *Sampson* vs. *White*, 1 *McCord*, 74; *Hopkins* vs. *Albertson*, 2 *Bay.*, 484; *Jackson* vs. *Lugnere*, 5 *Cowen*, 221; *Jackson* vs. *Le Grange*, 19 *Johns.*, 386; 2 *Vesey, sen.*, 460; 5 *Vesey*, 411; 9 *Vesey*, 381; 2 *Bro. C. C.*, 504; 1 *Littell*, 101; 1 *Wend.*, 406; 11 *Wend.*, 599.) Again, it is undoubtedly necessary, in order to sustain such a presumption, that there exist no better mode of proving the fact. Absence out of the jurisdiction of the Court, as well as death, opens proof of the handwriting of a witness, and I see no reason why the same intendment of the regularity of the attestation should not be made in one case as in the other. It is at the option of either party to take out a commission and examine the absent witness, or they may rely on the proof of handwriting, with the consequences and presumptions which flow from it. The authorities cited above fully support these positions, and I do not hesitate, therefore, to admit the will to proof, as a will of real and personal estate.