Wright, J.
It is not doubted that irrespective of any statute provision, either in an action at law or on an issue in an action of partition, the evidence upon which the above facts were found was sufficient to prove as well the existence as the destruction and contents of the alleged will. Before the Revised Statutes, at least, in such an action, or on such an issue, only such an amount and degree of evidence was required, as to the contents of the will, as was necessary to establish any other fact in an action; that is to say, proof of the facts in issue, by a single witness. (Jackson v. La Grange, 19 John., 386; Dan v. Brown, 4 Cow., 483; Jackson v. Betts, 6 Cow., 377.) Nor can it be claimed that the probate of a will, not lost or destroyed, in a Surrogate’s Court, or one lost or destroyed in the Supreme Court, under the provisions of the Revised Statutes, is, in either case, conclusive as to real estate. It is conclusive as to personal, but prima fade only as to real estate, and a failure to have a will probated, either in the Surrogate’s Court or Supreme Court does not prevent those claiming under it from setting up and establishing their title by common law evidence, in an action in any court, either of law or equity, where the title to the real estate thereby devised may be involved, or come in question, unless some statutory provision has altered the common law rules of evidence, in respect to the proof of a will lost or destroyed by accident or design, and made it incumbent, in all cases, to prove the contents of such will by at least two credible wit *430 nesses, or by one witness and a correct copy or draft of the lost instrument. About the only question in the present case is whether such a statutory rule exists.
The Revised Statutes empowered the surrogate to take proof of wills of real and personal estate presented to him for. probate, and make a record of the same. The mode of doing this was definitely pointed out. But no jurisdiction was conferred on the surrogate to take proof of the execution and validity of a lost or destroyed will. This power was given to the Court of Chancery, now the-Supreme Court. It was provided that “ whenever any will of real or personal estate shall be lost or destroyed by accident or design, the Court of Chancery shall have the same power to take proof of the execution and validity of such will, and to establish the same, as in the case of lost deeds. (2 R. S., 3d ed., p. 132, § 85.) .Upon such will being established by the decree of a competent court, such decree shall be recorded by the surrogate before whom the will might have been proved, if not lost or destroyed; and letters testamentary or of administration, with the will annexed, shall be issued thereon by him in the same manner-as upon wills duly proved before him. (§ 86.) If, before or during the pendency of an application to prove a lost or destroyed. will, letters of administration be granted on the estate of the testator, or letters testamentary of any previous will of the testator be granted, the' court to which such application shall be made shall have authority to restrain' the administrators or executors so appointed from any acts or proceedings, which it may judge would be injurious to the legatees or devisees claiming under such lost or destroyed will. (§ 87). Then follows this provision: “Ho will of any testator who shall die after this chapter shall take effect as a law, shall be allowed to be proved as a.lost or destroyed will, unless the same shall be proved to have been in existence at the time of the death of the,testator, or be shown to have been fraudulently destroyed in the lifetime of the testator ; nor unless its provisions shall be clearly and distinctly proved by at least _ two credible witnesses; a correct copy or draft being deemed equivalent to one witness.” (§ 89.)
*431 The general term of the Supreme Court construed this latter provision as establishing a rule of evidence as to the proof of a lost or destroyed will, for all courts, whatever might be the purpose of proving such' will, and that in respect to such a will its contents must be proved in all cases, and in all tribunals, to give it any validity or effect, by at least two credible witnesses, or by one witness and a correct copy or draft of the lost instrument. On the contrary, it is claimed, that construing this section with the four sections preceding it, the intent of the legislature was to provide a rule of evidence that should be applicable only to the proceeding authorized in Chancery to prove and establish a lost will, and attain the same general results, as to obtaining and preserving record evidence, and the issuing of letters testamentary or of administration by the surrogate, as are obtained by the ordinary probate of a will not lost. If the construction of the general, term'given to the statute be correct, then the provisions of the will of the father of the defendants was not proved as required by it. It would be otherwise if the rule requiring two witnesses to prove the contents of a lost will was limited to the special statutory proceeding for its probate in the Court of Chancery. The rules of evidence in relation to proving the execution and contents of lost instruments, upon trials at law or in equity, would remain unaffected •; and parties acquiring rights under a lost or destroyed will, might establish those rights by the same kind. of evidence as was allowed prior to the enactment providing for the probate of such will.
We are of the opinion that the provisions of section 89, above quoted, were intended to apply only in the direct proceeding under the statute, for the purposes of probate and record of a will alleged to have been lost or destroyed ; and were not designed as a general rule of evidence "in all cases, and in all tribunals, when the execution and validity of a will lost or destroyed by accident or design, should come in question. The statute by the construction given to it by the general term, would alter the rules of evidence of the common law as to the proof of lost wills, and establish what *432 would seem to be an unreasonable discrimination against wills' accidentally lost, or fraudulently destroyed, without fault on the part of the parties interested therein. The legislative intention to effect so radical a change in the common-law rules of evidence is not manifest; and there is nothing in the nature or. character of the instrument to require the contents of a lost will in all cases to be proved by two witnesses, when the contents of a lost deed may be satisfactorily proved by a single witness.
The defendants, as devisees of the real estate of John Harris, deceased, were not concluded by the judgment in the proceedings instituted under the statute to prove and establish their father’s will as ope fraudulently destroyed; nor was such judgment effectual against them as such devisees, in establishing their title to the real estate in the action of partition. It cannot be pretended that the probate and record of a will of real estate by the Supreme Court under the statute, has any other or different effect than the probate before the surrogate of a will not lost; and in the latter case the probate is not conclusive upon any party as to any interest in real estate. Had the defendants, who were plaintiffs in the action or proceeding to prove and establish the will as one lost or destroyed by accident or design, been successful, the judgment thereon would not be conclusive upon or estop the plaintiff in this action, the object of which is to divide the real estate of which John Harris died seised, among those entitled thereto. And if Aaron Harris, the heir-at-law and plaintiff in this action, and who was the defendant in the former one would not have been estopped by the judgment thereon had it been in favor of 'the defendants, the latter cannot be estopped although they failed in that action; as estoppels when they exist at all must be mutual and bind both parties or neither. Besides, the object sought to be attained ’in the two suits are entirely distinct and different. The single purpose of the former one was to make proof of a will alleged to have been lost or destroyed. And the judgment in legal effect was, that there was not sufficient proof to establish the *433 will as a record according to the provisions of the statute in relation to the probate of wills. To this extent it was conclusive. But the action did not directly involve the validity of the will, as a will or devise of real estate, and no such judgment was authorized. Ho such judgment in terms reaching that question, was given. On the contrary the record distinctly shows that the exclusive ground on which the judgment refusing probate proceeded was, that there was a failure of statute evidence as to the contents of the will, which the court found had been made and published in due form of law to pass real and personal estate, and was fraudulently destroyed' by the plaintiff in this action.
I am of the opinion that the defendants were not concluded by the judgment dismissing the complaint in the proceeding to prove and establish the will, and that the facts of the case justified the legal conclusion at the special term, that the plaintiff had no interest in the real estate of the testator that gave him the right to institute an action for the partition thereof.
The order of the Supreme Court should be reversed, and the judgment of the special term affirmed.
Denio, Ch. J., Davies, Selden and Balcom, Js., concurring,
Judgment affirmed.