Martha E. Davis, Respondent, *v.* Elizabeth A. S. Read et al., Appellants.

A defendant in an action under the Code to determine claims to real property, who claims no interest in the property, in order to save himself from liability must appear and disclaim. When this is done the burden of establishing the fact of his making a claim is upon the plaintiff, and in the absence of evidence showing this a judgment against the disclaiming defendant is error.

Under the provisions of the charter of the city of Buffalo of 1832 (§ 38, chap. 179 of the Laws of 1832), providing for the assessment and rating of taxes by the common council, the duties thus imposed could not be delegated to the clerk.

Accordingly *held*, that an apportionment of a tax made by the clerk in pursuance of a resolution of the common council, in the absence of a confirmation thereof by the common council, was invalid, and a sale of land to collect an unpaid tax so levied was void.

(Argued January 11, 1875; decided May term, 1875.)

THIS was an action brought to determine a claim to certain real property in the city of Buffalo.

The complaint alleged seizin in the plaintiff in 'fee, with actual possession for more than three years, and that defendants unjustly claimed title, and asked judgment against them, with costs.

The defendant Elizabeth A. S. Read denied plaintiff's claim and set up title under a " declaration of sale " for non-payment of taxes, made by the mayor and clerk of the city, under the provisions of the charter of 1832 (chap. 179, Laws of 1832). The other defendants answered disclaiming any estate or interest in the premises and asked for a dismissal of the complaint, with costs, and no evidence was given showing that they made any claim to the property.

It appeared that the common council, in June, 1840, passed a resolution for the levying of a general tax, and directed the clerk to apportion the same upon the taxable property of the city, and when completed authorized the mayor and clerk to attach the necessary warrant. This was accordingly done. No report of the apportionment was made by the clerk nor was there any confirmation thereof by the common council. By the said charter (§ 38) it is provided that taxes shall be assessed and rated by the common council. The tax upon the premises in question not having been paid the same were sold, and subsequently a " declaration of sale," as provided by the charter, was issued to the purchaser, to whose interest defendant Elizabeth A. S. Reed, succeeded. The court held the declaration of sale void and ordered judgment against all the defendants, with costs. *Held*, that the judgment was erroneous as to the defendants who disclaimed. That their only course to save themselves from liability for costs was to appear and disclaim, and that by so doing they raised an issue and threw upon plaintiff the burden of establishing the fact of their claim, and no evidence having been given thereon the complaint should have been dismissed as to them, with costs.

As showing the distinction between proceedings under the Revised Statutes for the determination of claims to real property and an action under the. Code the following cases

were cited : *Austin* v. *Goodrich* (49 N. Y., 266) ; *Burnham* v. *Onderdonk* (41 id., 425) ; *Fisher* v. *Hepburn* (48 id., 41).

The judgment against defendant Elizabeth A. S. Reed was affirmed, on the ground that the apportionment of the tax was not made by the common council as required by the charter, on the authority of *Bellinger* v. *Gray* (51 N. Y., 610. Other questions were discussed in the opinion, but were not concurred in by the other commissioners.

*O. O. Cottle* for the appellants.

*Morris Morey* for the respondent.

DWIGHT, C., reads for affirmance as to defendant Elizabeth A. S. Reed, for reversal as to the other defendants and for judgment as to them.

All concur in result.

Judgment accordingly.