JOHN CHAPMAN, RESPONDENT, *v.* BETSEY RODGERS AND REBECCA C. SWARTWOUT, IMPLEADED, WITH OTHERS, APPELLANTS.

*Will — action to determine validity of — all the witnesses must be called.*

The complaint alleged that one Rodgers died, leaving a will by which he devised certain real estate to his son, J. Rodgers, subject to an estate for life therein of his widow, and to the payment of certain legacies ; that J. Rodgers paid the legacies, bought the life estate, entered into possession of the land, and subsequently conveyed the same to the plaintiff, who is now in possession thereof ; that, after the death of the widow, a sister of J. Rodgers, one of the defendants herein, claimed that the devise to him was void, for the reason that he was one of the two subscribing witnesses to the will, and that she was entitled to an undivided one-sixth of the land. The plaintiff asked that his title be declared valid, and that if this were not done, that a partition and sale of the premises might be had.

*Held,* that the action was one in equity, to establish the validity of a will of real estate conclusively as against all the heirs, and that the rule in such cases was

that all the witnesses thereto must be called and examined, except in the event of death, insanity or absence, or unless the heir waived his right, and that the court below erred in this case in holding that it was sufficient to call and examine one witness only. (Bockes, J., dissented.)

Appeal by defendants above named, from a judgment in favor of the plaintiff, entered on the decision of the court at the Saratoga Special Term.

The complaint alleges that one Benjamin Rodgers died seized of certain land, having first made his will, of which a copy is set forth. By that will all the property, real and personal, is given to Joseph Rodgers, subject to a life estate to testator's widow, and Joseph is required to pay certain legacies. The complaint further alleges the payment of the legacies by Joseph and also the payment by him of a mortgage upon the land, and his purchase of the life estate; and further, that Joseph went into possession of the land, and subsequently conveyed the same to the plaintiff, who went into, and still is in possession. It avers that Betsey Rodgers claims that the will is invalid because Joseph Rodgers was a subscribing witness, and that she claims that she is entitled to one-sixth of the land. It avers that an actual partition cannot be made. It demands that the plaintiff's title be declared valid as against all the defendants, and that if the title is not held valid that sale and partition be made. In that case it asks that the mortgage and debts paid by Joseph and the improvements on the property be declared to be a prior lien to the interests of the heirs.

The will of Benjamin Rodgers was attested by two witnesses, Joseph Rodgers, above named, the devisee therein, and one Austin P. Graham. Against defendants' objection the plaintiff was allowed to prove the will on the trial of this action, by the evidence of Austin P. Graham alone.

*R. O. Jones,* for the appellant.

*J. S. Coon,* for the respondent.

Learned, P. J..

I do not think that this action can be maintained under section 2 of chapter 238, Laws of 1853, because the plaintiff is not an heir,

nor is he the grantee of a person claiming by descent, nor does he allege the invalidity of the will.

Nor does section 1 of that act apply, because that section limits the action by these words : "In like manner as the validity of any deed conveying or purporting to convey lands might be determined." And, as a general rule, an action would not lie by a person in possession against one who merely claimed that a deed was invalid to establish its validity. And, as I think, this is not an action brought under 2 Revised Statutes (m. p. 312, § 1, and *seq.*), a proceeding to compel the determination of claims, etc. The allegations of the complaint do not correspond with the requirements of the statute, and the relief demanded is not that which is there authorized. (*Bailey* v. *Briggs*, 56 N. Y., 414.)

As an action of partition, the defect is that the plaintiff is in possession and claims adversely to the defendant.

This action, however, seems to have been brought and tried as an action to establish the validity of a will of real estate. All of the heirs were made defendants. Actions of that nature have been sustained in equity. (1 Story Eq., § 1447, cases cited *arguendo;* *Bailey* v. *Briggs*, *ut supra;* and see page 415.) The plaintiff seeks, as by a bill of peace, to have the will declared to be valid. The judgment of the court below was that the will was a valid and subsisting will of real estate.

The question, then, of the validity of the will does not arise incidentally, but is the sole issue and the matter to be established. In such cases as this the courts of equity used formerly to direct an issue *devisavit vel non*. But whether tried before a jury or before the court, the rule was that all the witnesses to the will must be examined ; except in cases of necessity, such as death, insanity or absence abroad, or unless the heir waived his right. (*Bootle* v. *Blundell*, 19 Ves., 494.) In that case Lord ELDON says that this is not a technical rule. The court "before an heir shall be deprived of the opportunity, which the law gives him, by repeated eject-ment to try again and again the validity of the will * * * expects that all the witnesses shall be examined on one side or the other." The same rule is repeated several times in the opinion.

In *Tatham* v. *Wright* (2 Russ & My., 1), Lord BROUGHAM recognizes the same rule. In harmony with this rule of equity are

the provisions of the statutes requiring the production of at least two witnesses upon probate before the surrogate, and of all if required. (Laws of 1837, chap. 460, §§ 10, 11, 12, 17.)

It has undoubtedly been held that, on the trial of other issues, where it becomes necessary to give a will in evidence, it is not necessary to call both witnesses. Such a trial does not establish conclusively the validity of the will against all the heirs. But where the object of the action, as in this case, is to establish a will, forever and conclusively against all the heirs, the rule requiring the production of all the witnesses must prevail unless waived by the heirs.

And this is reasonable. For if the statute requires the production of all the witnesses on probate before the surrogate, why should not all be produced in an action like this, which is conclusive even as respects real estate? To hold otherwise would be to evade the provisions of 2 Revised Statutes (m. p. 65, § 45). It appeared as a fact on this trial, that the plaintiff had been a witness and had given evidence on the probate of this will before the surrogate.

If the defendant, being in possession, should be sued in ejectment by Betsey Rodgers, and on the trial of that action this will, proved by only one witness, should be offered in evidence, a different question may arise. We therefore make no decision as to the validity of the devise to Joseph Rodgers. We hold only that, in such an action as this, all the witnesses must be called except as above explained.

Judgment reversed and new trial granted, costs to abide event.

BOCKES, J. (dissenting):

I am under much embarrassment in my effort to determine precisely the class of cases authorized to be prosecuted under section 1, of the act of 1853. (Sess. Laws of 1853, chap. 238, page 526.) It is there provided that the validity of a devise may be determined by action in like manner with grants of land by deed; and further, that thereupon, any party may be enjoined from setting up or impeaching such devise, as justice may require. Judge FOLGER, in *Bailey v. Briggs* (56 N. Y., 415), by his remarks on page 415, seems to regard this act as authorizing an action to settle questions arising on disputed wills, when their genuineness or proper execution is chal

lenged by a party claiming an interest in the lands thereby devised. If this be the true construction of that act, which I do not intend here to assert, then this action is well founded in theory. But why is not the action well brought under the statute to compel the determination of claims to real property? Such claims may now be prosecuted by action in this court. (Code, § 449; *Burnham* v. *Onderdonk*, 41 N. Y., 425; *Fisher* v. *Hepburn*, 48 id., 41; *Brown* v. *Leigh*, 49 id., 78; *Austin* v. *Goodrich*, 49 id., 266; *Bailey* v. *Briggs*, 56 id., 407; *Churchill* v. *Onderdonk*, 59 id., 134; *Boylston* v. *Wheeler*, 61 id., 521; *Davis* v. *Read*, 65 id., 566.) The complaint contains, as is believed, all necessary averments to sustain the action under this statute. It is true that it contains much that is unnecessary — mere surplusage, under any view to be taken of the plaintiff's rights. But the sufficiency of the complaint was not challenged on the trial, nor in the exceptions to the findings of the court. The complaint, the proof and the finding considered together manifestly are abundantly sufficient to sustain the judgment ordered, as in a case prosecuted under the statute to compel the determination of claims to real property. It should also be here noticed, that in case an objection to the complaint had been raised on the trial, an amendment might have been allowed. The same right exists as to amendments of pleadings in this class of actions as in other actions authorized by the Code. So held in *Brown* v. *Leigh* (49 N. Y., 78). This is not a case on demurrer to the complaint, hence all rules as to the allowance of amendments at the trial have application here as in other cases. But a careful analysis of the complaint will establish its sufficiency, and especially is a case made according to the provisions of the statute, on the complaint, the proof and the findings of the judge. The court had jurisdiction of the subject-matter of the action, and the appellants appeared and submitted to its authority. (See remarks of EARL, J., in *Fisher* v. *Hepburn*, 48 N. Y., 51, 52.) This case, too, seems to be a very proper one for the exercise of the power of the court under the statute here invoked. The plaintiff was in actual possession and had been in possession of the premises for many years. His title was challenged. He could not make improvements with certainty of protection in so doing, and the claim set up against his title would naturally impair or greatly prejudice his right of enjoy-

ment and of sale. Was not this statute a very proper one in its application to his case? Under it the claim made against his title could be settled. The claimant could be brought into court, and could be compelled to disclaim or to have his claim determined. (*Davis* v. *Read*, 65 N. Y., 566.) In this case the claimant set up and litigated the claim, and it has been determined. In my judgment it should stand, unless some rule of law has been violated on the trial, which requires a reversal of the judgment and a rehearing of the case.

The only question litigated on the trial was the validity of the will of Benjamin Rogers, under which the plaintiff claimed title. The devise therein to Joseph Rogers was claimed to be void because Joseph was one of the subscribing witnesses thereto, and, as was insisted, the will could not be proved without his testimony. This ground of defense was urged at the trial, and was the only defense there considered and passed upon. The learned judge, before whom the case was tried without a jury, held and decided, that the will might be proved and established as a will of real property in the Supreme Court by one witness according to the common-law rule of evidence. In this, I think he is fully and indisputably sustained by numerous authorities both before and since the adoption of the Revised Statutes of this State. (*Dan* v. *Brown*, 4 Cow., 483; *Jackson* v. *Le Grange*, 19 John., 386; *Jackson* v. *Vickory*, 1 Wend., 406; *Caw* v. *Robertson*, 5 N. Y. [Per Gray, J.], 134; *Harris* v. *Harris*, 26 N. Y., 433.) In *Jackson* v. *Le Grange* (*supra*), it was held that a will might be established by one witness, if he was able to testify to all the requirements of the statute relating to its due execution. This rule is reiterated in all the subsequent cases above cited. In *Caw* v. *Robertson* (*supra*), Judge Gray, says, " if the title to real estate devised should be contested only one of the subscribing witnesses, who can prove the execution of the will, need be examined." In *Harris* v. *Harris* (*supra*), the same rule of evidence was recognized and followed, and the will was held established by the evidence of one witness only. If it be suggested that this rule has application only to actions at law, the answer is first, that. the distinction between actions at law and in equity are now abolished; and secondly, that this proceeding and action is given by the statute

to be prosecuted in the Supreme Court as an action at law, and was never an action or proceeding in equity. The issue was made in the law court, and was there tried as an issue of law, and judgment was rendered by that court. (*Tanner* v. *Tibbits*, 18 Wend., 544.) But *Harris* v. *Harris* (*supra*), where this rule of evidence was applied, was an action of partition, formerly cognizable in an equity court. Nor is the rule only to be applied in favor of a defendant whose title is assailed, as will be seen on reference to *Jackson* v. *Le Grange* (*supra*) where it was held that the plaintiff in ejectment, in order to make his title under a will need produce but one witness, so be it, that such witness could testify to all the facts required by the statute for its due execution. As was said by the learned judge in his opinion at Special Term, the statute has defined the methods and quantity of proof to establish a will in the Surrogate's Court; but it has not undertaken to define what proof shall be recognized in the Supreme Court where a party seeks to establish and sustain a devise. In the latter case the due execution of the will may be proved the same as any other fact, and so the learned judge says, "if one witness testifies to all the formalities required by the statute, and he is believed, the proof is complete as to such formalities." This I understand to be the settled rule according to all the authorities bearing on the question. Without further elaboration I commend the opinion of Judge LANDON, given in this case at Special Term as a sound exposition of the law.

In my opinion the judgment appealed from should be affirmed with costs against the appellants.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, new trial granted, costs to abide event.