WILT W. NORRIS AND HATTIE NORRIS, INFANTS, ETC., RESPONDENTS, v. HENRY D. NORRIS, APPELLANT.

*Transfer fraudulently procured from a testatrix — right of a devisee to have it set aside — an action will lie by him although the will has not been proved — a Surrogates' Court has no jurisdiction over such an action.*

The plaintiffs, devisees and legatees, under the will of one Eliza Wilt, brought this action to set aside a transfer and conveyance made by her of property which by the terms of her will was in part devised to the plaintiffs. The complaint alleged that the transfer was made after the execution of the will, and that it was improperly and unlawfully obtained by the defendant while sustaining such relations to the deceased as prevented him from lawfully acquiring title to it from her; that the will was not revoked by the testatrix, but passed into the possession of the defendant, who was named therein as an executor thereof, and that the same had never been proved before any surrogate.

*Held,* that the plaintiffs could maintain the action.

That the fact that the will had not been proved before the surrogate did not prevent them from so doing, as its due execution and validity might be proved upon the trial of this action.

That the relief sought in this action could not be obtained in a Surrogate's Court, as it had no jurisdiction over such an action.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer to the plaintiffs'·complaint.

*Sullivan & Cromwell*, for the appellant.

*William G. Choate*, for the respondents.

DANIELS, J.:

The action was brought by the plaintiffs as legatees and devisees under the will of Eliza Wilt, to set aside the transfer and conveyance by her of property which, by the terms of the will, was in part devised to the plaintiffs. The transfer and conveyance of it to the defendant after the making of her will, are alleged by the plaintiffs' to have been improperly and unlawfully obtained from her, while he himself sustained such relations to her in the management of her estate as precluded him from acquiring title to it in the manner in which that was·alleged to have been obtained. The will, it is alleged, was not revoked by the testatrix during her lifetime, but passed into the possession of the defendant who is named as executor therein It never was proved ·before the surrogate, and chiefly for that reason the right of the plaintiffs to maintain the action has been denied. But if the will had been formally proved, that circumstance would not have aided the plaintiffs in maintaining their action, for whatever title they may be able to make to the real estate must be derived from the will itself, and not from any proof which might be made to establish it before the surrogate. The proof of the will, so far as it related to the real estate, under the statute, would have been of no legal assistance or service to the plaintiffs further than to supply presumptive evidence in favor of its validity. Before the enactment of the statute providing for the proof of wills in surrogates' or other courts, no proceeding of that nature was essential to the right of a party to maintain such an action. But the right could well be asserted under the provisions of the will and proof of its execution might be made as a part of the evidence in the action for the recovery of the property or the establishment of the rights claimed to be secured or created under it. (1 Greenleaf on Evidence [5th ed.], § 672.) And such appears from adjudged cases to have been the course adopted in legal proceedings instituted for the recovery of real property where the right

had been derived under the terms of a last will. (*Jackson* v. *LeGrange*, 19 Johns., 386; *Jackson* v. *Hasbrouck*, 12 Id., 192; *Jackson* v. *Luquere*, 5 Cow., 221; *Jackson* v. *Vickory*, 1 Wend., 407; *Jackson* v. *Christman*, 4 id., 278; *Bogardus* v. *Clark*, 4 Paige, 623.) By no provision of the statute conferring authority to take proof of the execution of a will has this preceding right secured by the common law been taken away, and the party therefore whose title to real property is dependent upon a will may still proceed in that manner, although the will itself may not have been formally proved before the surrogate.

The object of the action is to set aside the transfer and conveyance of property which it has been alleged was illegally obtained in violation of the rights secured to the plaintiffs by the will, and over that subject the jurisdiction of the surrogate has in no form been extended. His jurisdiction has been defined by statute, and no statutory provision has so enlarged it as to enable him to entertain a controversy of this description. (Code Civil Pro., § 2472). Even if the will had been proved, therefore, relief could not have been obtained by any proceeding in the Surrogate's Court by the plaintiffs. They would still have been obliged to bring an action in another court having jurisdiction over the subject, to set aside what are alleged by them to have been unlawful conveyances of the property of the testatrix obtained by the defendant in violation of their rights. The proof of the will would simply have aided them so far as to enable them to read it in evidence without further proof on the trial. Beyond that, proving it before the surrogate would have been of no possible benefit to them. And as the common law, under its well settled course of practice, will allow such proof to be given in actions regularly brought in other courts for relief which could not be obtained in the Surrogate's Court, and that has not been in terms superseded or changed by statute, the proof may still be made in that manner for the purpose of sustaining the validity of the will and securing the relief invoked by the action.

The demurrer necessarily admits, for all present purposes, the allegations of the complaint, and that shows the proper execution of the will, the interest in the property provided by it for the plaintiffs, and the defeat of its provisions by the unlawful and improper conduct of the defendant. These facts, together with the others

contained in the complaint, are sufficient to constitute a cause of action entitling the plaintiffs to relief. The demurrer, therefore, was properly overruled, and the judgment from which the appeal has been taken should be affirmed, with the usual costs.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment affirmed, with costs.