## PHILLIPS *v.* ROME, W. & O. R. Co. *et al.*

### (*Supreme Court, General Term, Fourth Department.*  February 11, 1890.)

**1. QUIETING TITLE—PLEADING.**

Code Civil Proc. N. Y. § 1638, provides that an action to compel the determination of a claim to land may be maintained by one in possession thereof for three years against another who asserts a claim thereto "in fee or for life, or for a term of years, not less than ten, in possession, reversion, or remainder." Section 1639, subd. 3, provides that the complaint in such an action must allege that defendant unjustly claims an estate in the land "of the character specified in the last section." *Held,* that a complaint which alleges that defendant unjustly claims an estate in land "in fee or for life, or for a term of years not less than ten years, or in reversion or remainder," sufficiently complies with the provisions of the statute.

**2. SAME—ADVERSE CLAIM—APPEAL.**

Where defendants made no disclaimer to the land in question, either by their pleadings or by any position taken on the trial, the general term will assume that defendants made a claim to the property, and will not permit them to object for the first time on appeal that plaintiff, on the trial below, gave no proof of their claim.

**3. SAME—JUDGMENT—EFFECT.**

Under Code Civil Proc. N. Y. § 1645, which provides that final judgment for plaintiff in an action to determine a claim to land must be to the effect that defendant, "and every person claiming under him by title accruing after * * * notice of the pendency of the action, * * * be forever barred from all claim" to the land, the court will not consider the rights of persons who claim under mortgages executed by defendant before the bringing of the action, and who are not made parties thereto.

Appeal from circuit court, Jefferson county.

Action by Patrick Phillips against the Rome, Watertown & Ogdensburg Railroad Company and the Utica & Black River Railroad Company to compel the determination of a claim to land in pursuance to Code Civil Proc. N. Y. §§ 1638 *et seq.*  In August, 1871, the Carthage, Watertown & Sackett's Harbor Railroad mortgaged all its property for $150,000, and in 1873 it executed another mortgage for the same amount.  It acquired the premises in dispute in November, 1872, having previously perpetually leased its road, so far as completed, to defendants in this action.  This lease contained a clause providing that on the completion of the road, and on notice, and on request by defendants, the lease was to become one of the "entire road and railroad property and appurtenances."  In 1885 the president of the Carthage Company conveyed the land in dispute, a narrow, irregular strip, north of its right of way, to plaintiff, who at once went into possession.  Defendants having asserted a claim to the land under their lease, plaintiff instituted this action.  There was a judgment in his favor, and defendants appeal.  Code Civil Proc. N. Y. § 1638, provides: "Where a person has been * * * for three years in the actual possession of real property, claiming it in fee or for life, or for a term of years, not less than ten, he may maintain an action against any other person * * * to compel the determination of any claim adverse to that of the plaintiff which the defendant makes to any estate in that property, in fee or for life, or for a term of years not less than ten, in possession, reversion, or remainder."

Argued before HARDIN, P. J., and MARTIN, J.

*Edmund B. Wynn,* for appellants.  *J. Mullin,* for respondent.

HARDIN, P. J.  1. After a careful examination of the exceptions taken during the progress of the trial, we are of the opinion that they present no error requiring an interference with the decision made at the circuit.

2. Section 1639 of the Code of Civil Procedure prescribes what the complaint must set forth in actions of this character, and subdivision 3 thereof is as follows: "That the defendant unjustly claims an estate therein of the character specified in the last section." The complaint sufficiently complies with that provision of the statute, as it contains the following language, viz.: "That the defendant unjustly claims an estate in these premises in fee or for life, or for a term of years, not less than ten years, or in reversion or remainder, by virtue of a lease or conveyance made by said Carthage, Watertown & Sackett's Harbor Railroad Company, which said lease or conveyance, and all rights thereunder, the defendant the R., W. & O. R. R. Co. now claim to own."

Upon the trial, no motion for a nonsuit or to dismiss the plaintiff's complaint was made when the plaintiff rested, nor at the close of the evidence. In *Davis* v. *Read*, 65 N. Y. 566, some of the defendants appeared and disclaimed, but as to them it was held that an issue was raised which threw the "burden upon the plaintiff of establishing the fact of their claim," and, no evidence having been given thereon, the complaint should have been dismissed as to them, with costs. In the case before us no such disclaimer was made by the pleadings, nor by any position taken upon the trial. Under such circumstances, we think that we should assume that the Utica & Black River Railroad Company, as well as the other corporation, made claim to the property in question, and that it cannot now be heard to raise the objection that no proof was given by the plaintiff as to their claim. *Fisher* v. *Hepburn*, 48 N. Y. 41; *Davis* v. *Read*, 65 N. Y. 566; *Barnard* v. *Simms*, 42 Barb. 304.

3. The mortgagees are not parties to this action, and their rights cannot be affected thereby, and it is therefore unimportant to consider the questions suggested by the appellants' points in respect to their supposed claims upon the premises in question. By section 1645 of the Code of Civil Procedure, it is provided that the final judgment "must be to the effect that the defendant, and every person claiming under him by title accruing after the filing of the judgment roll, or of the notice of the pendency of the action,  *  *  *  be forever barred from all claim to any estate of inheritance, or for life, or for a term of years, not less than ten, in the property." The mortgagees referred to did not hold title (or even a lien) accruing after the filing of the judgment roll.

The instrument of February 1, 1872, executed by the Carthage & Sackett's Harbor Railroad Company, leased "all its property, real, personal, and mixed, by them acquired for their railroad purposes, or pertaining thereto, now held or owned by them therefor." It satisfactorily appeared by the evidence that the premises in question were not acquired for railroad purposes, and they were not "held or owned by them [the railroad] therefor." In the subsequent clause in the lease it was provided that the instrument (a lease) should, upon a certain condition, become and be "a lease of the entire road, and railroad property and appurtenances, as above provided, in regard to the road from Carthage to Watertown; from Carthage to Sackett's Harbor; and then all and singular the provisions and agreements herein contained shall be deemed to be, and shall in all places be taken and applied to, a lease of the entire road," with certain exceptions not important to mention. We think this latter language is to be construed with that to which we have just referred, and that the premises in question were not "acquired for railroad purposes or pertaining thereto;" and we are also of the opinion that the premises were not "held or owned by them [the Carthage Railroad Company] therefor;" and that the proper construction was given at the circuit of the instrument in question. And we are satisfied with the views expressed in the opinion delivered by the trial judge on the subject of the plaintiff's title to the premises, and his right to maintain this action. We think the decision is right on the merits, and should be sustained. Judgment affirmed, with costs.